2012 COA 107

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Dean CARBAJAL, Defendant–Appellant.**

**No. 09CA1119.**

Colorado Court of Appeals, Div. V.

July 5, 2012.

Rehearing Denied Aug. 16, 2012.

⚷469(1)

John W. Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Dean Carbajal, Pro Se.

Opinion by Judge LOEB.

¶ 1 Defendant, Dean Carbajal, appeals the trial court's order denying his petition to discontinue sex offender registration. We reverse and remand the case to the trial

court with directions to grant defendant's petition.

¶ 2 In this case, we are required to consider the interplay between two Colorado statutory frameworks: (1) the statute relating to deferred judgments and sentencing, set forth in section 18–1.3–102, C.R.S.2011; and (2) the Colorado Sex Offender Registration Act, sections 16–22–101 to –115, C.R.S.2011, specifically, section 16–22–113, C.R.S.2011, relating to petitions to discontinue sex offender registration. At the outset, we note that this case presents a record of unique and very unusual circumstances. This is not a case where events occurred as expressly laid out by the General Assembly in the applicable statutory provisions. Instead, this case began with a trial court error which led to an extended and convoluted procedural history (which included further trial court errors), and eventually resulted in the charges against defendant and his deferred judgment being dismissed with prejudice by our supreme court. Moreover, as discussed below, neither the deferred judgment statute nor the sexual offender registration statutory framework expressly addresses the situation we are faced with here. Nevertheless, on the record before us, and for the reasons discussed below, we conclude the trial court abused its discretion by denying defendant's petition to discontinue the requirement that he register as a sex offender.

## I. Background and Procedural History

### A. Charges and Plea Agreement

¶ 3 Defendant was charged with sexual assault in Delta County District Court in August 1999.

¶ 4 On August 30, 2001, defendant entered into a plea agreement resolving six cases (including this case) from Delta, Montrose, and San Miguel Counties. He entered guilty pleas to a charge of second degree sexual assault in this case, and charges of possession of a schedule II controlled substance and a bail violation in the Montrose County case. The remaining cases and charges were dismissed. On the same day, for the drug possession and bail violation from Montrose County, the trial court imposed a four-year prison term with three years of mandatory parole. For the sexual assault charge in this case, the trial court imposed a deferred judgment with four years supervision to run consecutively to the prison term in the Montrose case. The deferred judgment was subject to various conditions, including, as pertinent here, registration as a sex offender during the period of deferral, entering and completing a sex offender treatment program, and paying the restitution ordered as part of his sentence.

¶ 5 In December 2001, the trial court expressly set the deferred judgment (along with the supervised conditions that accompanied it) to begin after defendant served his prison sentence in the Montrose case.

¶ 6 Defendant was released from prison in the Montrose case in July 2004 and began three years of mandatory parole. Pursuant to the plea agreement and the court's prior orders, his deferred judgment also began running at that time and, thus, was set to expire in July 2008.

### B. Revocation Proceedings

¶ 7 On an unknown date, defendant's parole in the Montrose case was revoked, and he returned to prison. As a result of the parole revocation, in April 2006, the People filed a petition to revoke defendant's deferred judgment in this case because he was allegedly terminated from sex offender treatment (presumably because he was in prison), and the People requested that the trial court impose judgment and sentence in this case.

¶ 8 In July 2006, the trial court held a hearing on the People's petition. The People requested that the court extend defendant's deferred judgment for two years. The court concluded it lacked authority to extend it. The People then reframed their proposed extension as a condition of supervision stipulated to by the parties and requested that the deferred judgment start over as of the date of the hearing. The court agreed and continued defendant's deferred judgment to July 2010, and the People withdrew their revocation petition.

¶ 9 Between July 2006 and April 2007, defendant filed numerous motions challeng-

ing the continued legality of his deferred judgment. As pertinent here, in August 2007, defendant filed a petition for writ of habeas corpus for relief from his deferred judgment. The trial court denied the petition, defendant appealed that order, and the supreme court eventually accepted jurisdiction of his appeal in September 2007. In 2007 and 2008, additional petitions to revoke the deferred judgment for various alleged violations were also filed by the People. Eventually, it was revoked and the matter was set for resentencing. However, before that hearing could occur, the supreme court issued its decision dismissing the case entirely, as more fully discussed below.

### C. *People v. Carbajal*

¶ 10 In December 2008, the supreme court announced its opinion in *People v. Carbajal*, 198 P.3d 102 (Colo.2008) (*Carbajal I*). Initially, the court noted that, although defendant's request for relief from his deferred judgment was titled as a petition for a writ of habeas corpus, it was "more accurately described as a challenge to the trial court's jurisdiction." *Id.* at 105.

¶ 11 Defendant argued, and the court agreed, that the trial court had exceeded its jurisdiction by impermissibly extending his deferred judgment "well beyond the statutory limits." *Id.* The court noted three examples of the trial court's impermissible actions: (1) starting the deferred judgment after defendant's prison sentence in the Montrose case was completed (approximately three years after his plea in this case), rather than on the date of his guilty plea, as required by the statute; (2) holding a hearing on the People's first revocation petition which was filed eight months after defendant's deferred judgment statutorily ended; and (3) continuing the deferred judgment an additional two years beyond the statutory maximum. *Id.* at 106–07.

¶ 12 The court held that section 18–1.3–102 strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits. Once a defendant pleads guilty to a felony, the deferred judgment statute allows the trial court to continue the defendant's case without entering judgment for up to four years from the date of the plea, and implement probation-like supervision conditions in return for the continuance. *Id.* at 105–06 (citing § 18–1.3–102(1), C.R.S. 2011).

¶ 13 In construing section 18–1.3–102(2), C.R.S.2011, the court held that if the People wish to revoke a defendant's deferred judgment, they must file their revocation petition no later than thirty days after the four-year time period expires. *Id.* at 106. Further, if a defendant serves four years of deferred judgment supervision for a felony without revocation or permissible extension, his or her guilty plea must be withdrawn and his case must be dismissed with prejudice. *Id.*

¶ 14 Regarding the first petition for revocation filed in April 2006, the supreme court noted that the deferred judgment statute divested the trial court of its authority to hear revocation petitions filed more than thirty days after a deferred judgment expires. *Id.* at 106–07. Thus, it concluded that the People's petition was filed eight months after defendant's deferred judgment ended by operation of law. *Id.* at 107.

¶ 15 The court then considered the trial court's action of restarting the deferred judgment by stipulation and concluded that the trial court lacked authority to sanction the agreed-upon extension. *Id.* The court reasoned as follows:

> The deferred judgment statute dictates [defendant's] deferred judgment began on August 30, 2001, the date he entered his plea, and ran until August 30, 2005, four years later. The People were allowed to file a revocation petition before September 29, 2005 [an additional thirty days as prescribed by the statute], but the trial court lacked authority to consider petitions filed after that date. The trial court had authority to extend [defendant's] deferred judgment one hundred and eighty days for restitution, but could not otherwise extend it beyond four years, despite any stipulations by the parties.

*Id.*

¶ 16 The supreme court thus found that the trial court improperly started the de-

ferred judgment nearly three years after his plea and continued it for nearly seven years after his plea, heard a revocation petition filed eight months after the statutory limit, and acquiesced to a stipulated two-year extension. *Id.*

¶ 17 Accordingly, the supreme court concluded that by improperly extending defendant's deferred judgment, the trial court exceeded its jurisdiction, and it directed that court to dismiss defendant's deferred judgment with prejudice. *Id.*

### D. Events Leading to This Appeal

¶ 18 Subsequent to his deferred judgment being dismissed with prejudice by the trial court on December 15, 2008, and pursuant to section 16–22–113(1)(d), C.R.S.2011, defendant filed a petition to discontinue sex offender registration, which is the subject of this appeal.

¶ 19 Pursuant to the statutory requirement in section 16–22–113(2)(c), C.R.S.2011, the trial court held a hearing on April 7, 2009. The court noted that defendant had given the proper notices as required by statute, and that no objections had been filed. The court then asked if the People had any objection to defendant's discontinuance request. The People replied that they were "not taking a position on his petition," and brought to the court's attention a letter from the victim's father regarding his objection to defendant's petition. The court asked the victim assistance coordinator to make a statement. She also highlighted the victim's father's objection letter.

¶ 20 The court turned to considering whether there was a statutory basis to deny the petition. The People argued that the court had discretion and could consider several factors, including whether sex offender treatment had been completed and whether defendant had committed additional crimes since entering his plea. The People also highlighted language in section 16–22–113(2)(c) that required a hearing even when a defendant appeared to have met the statutory requirements and noted that the statute does not state that the court "shall" grant the petition if the requirements are met. Defendant argued that the trial court was required to grant the petition to discontinue registration because his case had been dismissed and because he had completed the procedural requirements under the statute. He also noted that the People did not provide any documentation demonstrating that he failed to successfully complete the terms of the plea agreement.

¶ 21 In determining that defendant's petition was properly filed under section 16–22–113(1)(d), the court stated, "There's no dispute that [defendant] successfully completed the deferred judgment. So your guilty plea has been withdrawn and the case has been dismissed because you successfully completed the deferred judgment."

¶ 22 The court then discussed whether it had discretion to grant the petition. Analogizing the petition to a request to seal criminal or juvenile records, the court noted that the registration statute itself gave no guidance about what the court could consider or what the court was required to find when considering the request. The court also stated, "[T]his statute seems to leave somewhat of a void or a vagueness ... about whether I have discretion."

¶ 23 Then the trial court swore in defendant to ask him questions about whether he had been convicted of any crimes or had any charges pending since the supreme court's opinion in *Carbajal I*. Defendant responded that he had been granted probation in a Jefferson County trespass case. He also noted that he had not been required to register as a sex offender as a probationary condition in that case.

¶ 24 The court asked whether either party intended to file additional argument, and both parties replied that they did not. (The record indicates the People did subsequently file an additional pleading, which raised a new argument that was ultimately rejected by the trial court. The People have abandoned that argument on appeal, and thus we do not consider it.)

¶ 25 The trial court subsequently issued a detailed order denying defendant's petition. The court highlighted various factors governing its decision:. (1) that defendant had given all statutorily required notices; (2) that de-

fendant indicated at the hearing that he had recently been convicted of trespass and was on probation for that crime; and (3) that defendant had failed to present any evidence that he had completed sex offender treatment. The court also noted that defendant still owed restitution, costs, and fees.

¶ 26 The court concluded that the decision whether to grant a petition to discontinue registration was discretionary. In so concluding, it emphasized in its order that the statute required dismissal of the deferred judgment *and* successful completion of the deferred judgment, which required "a case-specific evaluation beyond simply determining whether the deferred judgment was dismissed," and "[d]ismissal of the deferred judgment alone is insufficient to qualify to petition for removal."

¶ 27 The court then expressed its frustration that the statute failed to define the meaning of "successful completion of the deferred judgment." Regardless, it found that, even though defendant's deferred judgment had been dismissed, defendant had not met his burden of proving he successfully completed certain conditions associated with the judgment. Specifically, the court highlighted that defendant failed to complete sex offender treatment and failed to pay all fees, fines, and costs. Additionally, the court found that defendant remained a risk to the community based on his recent trespass conviction, while also noting that the offense did not involve unlawful sexual behavior.

¶ 28 In reaching these conclusions, the court noted that the General Assembly's purpose in requiring sex offender registration is to aid law enforcement in investigating future sex crimes and to protect public safety. Thus, the court stated, "If [d]efendant does not successfully complete sex offender treatment, he poses a risk to society." It further stressed that "[i]f he refuses to complete treatment, or cannot successfully complete treatment for any other reason, he should be required to continue to register as a sex offender for the protection of society." The court also noted that even though the deferred judgment had been dismissed, defendant remained responsible for the restitution and costs.

¶ 29 Finally, the court rejected the notion that defendant was required to register for life. Instead, it stated that, if defendant could demonstrate in the future that he completed his trespass probation and that case was dismissed, that he paid all costs, fees, and restitution, and that he successfully completed sex offender treatment, it would reconsider a petition to discontinue registration.

¶ 30 This appeal followed.

## II. Statutory Framework and Its Application

¶ 31 Both the deferred judgment statute and the sex offender registration act affect defendant's unique situation here. However, as noted above, neither statutory framework sufficiently or expressly addresses it. Thus, we must analyze the statutes independently and as they relate to each other, as well as their application to a more typical case.

### A. Deferred Judgment

¶ 32 A deferred judgment is created and authorized by statute. *Carbajal I*, 198 P.3d at 105. Colorado's deferred judgment statute, section 18-1.3-102, strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits. *Id.* at 105–06.

¶ 33 Once a defendant pleads guilty to a felony, the deferred judgment statute allows the trial court to continue the defendant's case without entering judgment for up to four years from the date of the plea, and to implement probation-like supervision conditions in return for the continuance. § 18-1.3-102(1).

¶ 34 In limited circumstances, a trial court may extend a felony deferred judgment period beyond four years. *Id.* The extension must be for payment of restitution, and may only continue the case 180 days. *Id.* Because a deferred judgment provides probation-like supervision, the deferral can be revoked—and judgment entered and sentence imposed—if the defendant violates any supervision conditions. § 18-1.3-102(2).

¶ 35 However, if the People decide to revoke a defendant's deferred judgment, they must file their revocation petition no later than thirty days after the four-year time period expires. *Id.* And they must prove the alleged violation by a preponderance of the evidence. *Id.*

¶ 36 Finally, if a defendant serves four years of the deferred judgment supervision without revocation or permissible extension, his or her guilty plea must be withdrawn and his case must be dismissed with prejudice. When a trial court grants a deferred judgment, it must comply with these statutory limits. *Carbajal I,* 198 P.3d at 106.

## B. Sex Offender Registration

¶ 37 Sex offenders in Colorado are required to register pursuant to the Colorado Sex Offender Registration Act. §§ 16–22–101 to –115. Sex offender registration is not an element of a defendant's sentence, and the purpose of registration is not to punish the defendant, but to protect the community and to aid law enforcement officials in investigating future sex crimes. *People v. Rowland,* 207 P.3d 890, 892–93, 895 (Colo.App.2009); *Fendley v. People,* 107 P.3d 1122, 1125 (Colo. App.2004); *People v. Stead,* 66 P.3d 117, 120 (Colo.App.2002); *see* § 16–13–901, C.R.S. 2011.

¶ 38 Pursuant to section 16–22–113(1), a person required to register as a sex offender may file a petition with the trial court requesting discontinuance of the registration. As pertinent to this case, a person required to register may file such a petition under the following circumstances:

If the person was required to register due to being placed on a deferred judgment and sentence or a deferred adjudication for an offense involving unlawful sexual behavior, after the successful completion of the deferred judgment and sentence or deferred adjudication and dismissal of the case, if the person prior to such time has not been subsequently convicted of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior. . . .

§ 16–22–113(1)(d).

¶ 39 However, the fact that a defendant successfully completes the terms of his or her deferred judgment and sentence does not automatically relieve him or her from sex offender registration. Rather, section 16–22–113(1)(d) merely provides that a defendant has the right to petition the court to discontinue registration. *See Dubois v. Abrahamson,* 214 P.3d at 586, 588 (Colo.App. 2009) (appearing to assume, though explicitly not deciding, that a defendant who pleaded guilty to sexual assault on a child pursuant to a deferred judgment which he successfully completed would be eligible to petition for removal from sex offender registration pursuant to section 16–22–113(1)(d)); *see also People v. Perry,* 252 P.3d 45, 49 (Colo.App. 2010) ("The plain language of this section evinces a clear legislative intent to authorize the filing of removal petitions by persons, such as defendant, who have successfully completed a deferred judgment and sentence agreement. . . .").

## C. Application in a Typical Case

¶ 40 There are two possible scenarios anticipated in the applicable statutory schemes that will typically play out in the case of a deferred judgment involving a sex offense where registration is required as a condition of the deferred judgment.

1. A defendant violates the conditions of his or her deferred judgment during the authorized deferral period (no more than four years from the date of the plea). The probation department or the prosecution then files a revocation complaint with the trial court no later than thirty days after the deferral period ends. The court holds a hearing at which the alleged violation must be proved by a preponderance of the evidence. If the court is persuaded that a violation occurred, it revokes the deferred judgment and imposes a judgment and sentence. Eventually, and depending on the nature of the offense, defendant has the right to pe-

tition for discontinuance of sex offender registration; or

2. A defendant satisfies all of the probation-like conditions associated with the deferred judgment. The trial court determines that the deferred judgment was successfully completed and then dismisses the case. Then, the defendant has the right to petition to discontinue sex offender registration.

¶ 41 The second scenario itself includes two possibilities under the statute as to how the determination to discontinue sex offender registration after successful completion of a deferred judgment can arise.

¶ 42 In the first instance, if the trial court becomes aware that a defendant has completed his or her deferred judgment, it is the court's responsibility to give notice to all parties and hold a hearing (if requested or an objection is filed) to determine if the defendant should be released from the registration requirement. In this situation, the burden is on the trial court to make sure all parties are properly notified and aware of the possibility that the defendant may no longer be required to register as a sex offender. § 16–22–113(1.3)(a), (2)(a), C.R.S.2011.

¶ 43 In the second instance, which occurred here, a defendant may file a petition requesting discontinuance of registration after dismissal of the case. Under these circumstances, it is the defendant's burden to give all parties notice of his or her request, and the trial court is required to hold a hearing regardless of whether any objections were filed. § 16–22–113(1)(d), (2)(a), (c).

¶ 44 As alluded to above and discussed in detail below, the facts and procedural history here do not fit neatly into either of the typical case scenarios outlined above.

### III. Standard of Review

¶ 45 We first address the appropriate standard of review of a trial court's decision to grant or deny a petition pursuant to section 16–22–113(1)(d).

■ ¶ 46 To the extent that defendant raises arguments about statutory interpretation, we review the trial court's decision de novo. *Bostelman v. People,* 162 P.3d 686,

689 (Colo.2007); *People v. Atencio,* 219 P.3d 1080, 1081–82 (Colo.App.2009). In interpreting a statute, our fundamental responsibility is to give effect to the General Assembly's purpose and intent in enacting it. *Whitaker v. People,* 48 P.3d 555, 558 (Colo.2002). " 'If the plain language of the statute clearly expresses the legislative intent, then [we] must give effect to the ordinary meaning of the statutory language.' " *Id.* (quoting *Pediatric Neurosurgery, P.C. v. Russell,* 44 P.3d 1063, 1068 (Colo.2002)). "We must read the statute as a whole, construing each provision consistently and in harmony with the overall statutory design, if possible." *Id.*

¶ 47 At the hearing, defendant argued that, if he met the procedural requirements for removal from the registry, the statute mandated that his discontinuance petition be granted. The People argued that the decision to grant or deny the petition was within the trial court's discretion. The trial court expressed its frustration with the lack of direction given by the statute and then concluded that it had discretion, finding persuasive the lack of mandatory language in the statute, the fact that the dismissal of a deferred judgment alone was insufficient because the statute required dismissal and successful completion of the conditions of the deferred judgment, and the fact that a decision whether a deferred judgment was successfully completed appeared to involve a case-specific evaluation.

■ ¶ 48 We conclude that the trial court's determination that its decision was discretionary was correct. The statute requires a defendant to give the proper notices, and then requires the court to hold a hearing. However, the statute appears to leave to the discretion of the trial court the ultimate decision of whether to grant a petition requesting discontinuation of sex offender registration, as well as the factors to consider in making that decision. *See Dubois,* 214 P.3d at 588 (holding the statute did not mandate discontinuation of registration and stating that "[i]f the General Assembly intended to exclude from registration persons who successfully completed a deferred judgment and sentence, the language in section 16–22–113

allowing a defendant to request an order discontinuing the registration requirement following successful completion of a deferred judgment and sentence would be meaningless"); *see also Perry,* 252 P.3d at 48–49 (the successful completion of deferred judgment and sentence did not require discontinuance of registration).

## IV. Analysis of Defendant's Petition

¶ 49 In *Carbajal I,* the supreme court determined that the trial court erred three times by extending defendant's deferred judgment. It concluded that defendant's deferred judgment terminated as a matter of law on August 30, 2005, four years after defendant's guilty plea. *Carbajal I,* 198 P.3d at 106. In making this determination, in our view the court implicitly found that all of the probationary obligations associated with the deferred judgment also ended, including the requirement to complete sex offender treatment and to pay restitution. Effectively, defendant's criminal case and all charges against him ended as of August 30, 2005. However, defendant's duty to register as a sex offender remained. In order to relieve himself of that obligation, he was required to, and did, petition for discontinuance of sex offender registration. *See Dubois,* 214 P.3d at 588. Therefore, defendant proceeded down the proper path with his petition.

¶ 50 Upon receipt of the petition and notices, the trial court properly held a hearing and correctly determined that its decision was discretionary. However, we conclude, on the unusual facts here, that the court abused this discretion in denying defendant's petition.

¶ 51 In its order, the trial court relied exclusively on three considerations to deny the petition: (1) failure to complete sex offender treatment, (2) failure to pay restitution, and (3) the trespass conviction and related probation. In our view, the plain language of section 18–1.3–102(2) and section 16–22–113(1)(d) assumes that a deferred judgment was successfully completed *before* it can be dismissed. *See* § 18–1.3–102(2) ("Upon full compliance with [the conditions of the deferred judgment] by the defendant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."); § 16–22–113(1)(d) (a person may file a petition to discontinue sex offender registration "after the successful completion of the deferred judgment ... and dismissal of the case"). As noted, section 16–22–113 also appears to leave open what, if any, factors a trial court may consider in its determination, other than the express statutory factors of (1) successful completion of the deferred judgment and sentence; (2) dismissal of the case; and (3) no subsequent conviction of a crime involving unlawful sexual behavior. *See* § 16–22–113(1)(d). Nevertheless, we can envision circumstances where the court could appropriately consider such factors as a victim's statement objecting to the petition or a defendant's extensive history of sexual offenses, among other possible considerations.

¶ 52 However, this case is unique. First, it did not occur in the typical way anticipated by the statute. Rather, defendant's deferred judgment was dismissed with prejudice by direction of the supreme court because of errors by the trial court, without any express determination that defendant successfully completed the conditions of the deferral. Second, we also conclude that, because, as a matter of law, defendant was no longer subject to the supervisory conditions of the deferred judgment as of August 30, 2005, the trial court's use of those conditions as a basis for its denial of the petition was improper.

¶ 53 Here, as determined by the supreme court, the trial court lost jurisdiction and defendant's deferred judgment terminated as a matter of law in August 2005, which also meant that defendant was no longer bound by any sentence or probationary conditions. Accordingly, to hold him responsible for fulfilling conditions that he was no longer legally obligated to complete was, in our view, an abuse of discretion by the trial court.

¶ 54 Sex offender treatment and restitution were conditions of defendant's deferred judgment and sentence. The court's order stated that defendant had not proved that he had successfully completed treatment and also

noted that he still owed restitution. However, defendant was no longer subject to any probationary conditions associated with this case, including his restitution as part of his sentence, all of which became null and void effective August 2005. Thus, not only was he not required to attend or complete treatment, but he also did not have the opportunity to do so during a lawful deferral period, as he was in prison for at least the first three years after he pleaded guilty. For the trial court to require treatment even though its errors basically prevented defendant's ability to successfully complete it was unfair. We also note that there was no evidence in the record that indicated that defendant violated any probationary conditions during the approximately thirteen months between the end of his prison confinement in the Montrose case and the lawful termination of the deferred judgment in August 2005.

[8] ¶ 55 We further conclude that the trial court's consideration of defendant's recent trespass conviction in Jefferson County was insufficient, by itself, to support denial of the petition. *See People in Interest of Yeager*, 93 P.3d 589, 597 (Colo.App.2004) (trial court has considerable discretion in evidentiary determinations). As stated above, all sex offenders in Colorado are required to register pursuant to the registration act, not as part of the sentence, but to aid law enforcement and protect the public. §§ 16–22–101 to –115; *Rowland*, 207 P.3d at 892–93, 895; *Fendley*, 107 P.3d at 1125; *Stead*, 66 P.3d at 120; *see* § 16–13–901.

¶ 56 Section 16–22–113 provides a defendant with an opportunity to discontinue registration "if the person … has not been subsequently convicted of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior." § 16–22–113(1)(d). Here, however, defendant admitted that he had subsequently been convicted only of the crime of trespass. There is no indication in the rec-

ord that the trespass had an underlying factual basis involving unlawful sexual behavior, and the trial court so noted in its written order. Nor was defendant required to register as a sex offender as part of his probation conditions for his trespass conviction. Thus, we conclude that defendant's trespass conviction has no probative value as to whether defendant would commit another sex-related crime. While consideration of defendant's subsequent criminal history may have been appropriate from an evidentiary standpoint, in this instance, it could not be the sole basis for continuing to impose registration.

¶ 57 Treatment, restitution, and the trespass conviction were the only considerations articulated by the trial court in support of its denial of defendant's petition. Although the letter from the victim's father stating that he objected to allowing defendant to discontinue registration was referenced during the hearing, the court did not refer to the letter at all or use it as a basis for its order.

¶ 58 Under the unique circumstances of this case, we, therefore, conclude the trial court abused its discretion in denying defendant's petition for an order to discontinue the requirement that he register as a sex offender.

V. Conclusion

¶ 59 The order is reversed, and the case is remanded to the trial court with directions to grant defendant's petition for discontinuance of sex offender registration.

Judge HAWTHORNE and Judge MILLER concur.