2013 COA 135

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Adam James WILBURN, Defendant–Appellee.

Court of Appeals No. 11CA1942

Colorado Court of Appeals, Div. VII.

Announced September 26, 2013

---

Arapahoe County District Court No. 07CR2657, Honorable John L. Wheeler, Judge

George H. Brauchler, District Attorney, Richard H. Orman, Senior Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant

Douglas K. Wilson, Colorado State Public Defender, Karen Mahlman Gerash, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee

Opinion by JUDGE NAVARRO

¶ 1 The People appeal the trial court's order finding that defendant, Adam James Wilburn, did not violate the conditions of his deferred judgment. We disapprove the order.

## I. Background

¶ 2 On December 5, 2007, defendant was granted a three-year deferred judgment and sentence, under former section 18–1.3–102, Ch. 318, sec. 2, 2002 Colo. Sess. Laws 1366–67, after entering a plea of guilty to the charge of possession with the intent to distribute MDMA (ecstasy), a schedule I controlled substance. As part of defendant's plea agreement, he signed a document entitled "Stipulation for Deferred Judgment and Sentence." In this document, defendant agreed to the following condition: "The [d]efendant will not use alcohol to excess and will not use any narcotic, dangerous, or abusable drug without permission from the [c]ourt." He also agreed to comply with any other conditions required by his probation officer that were reasonably related to his rehabilitation. As a condition of his supervision, defendant agreed to "not use or possess any narcotic, dangerous or abusable substance without prescription."

¶ 3 The probation department filed a complaint to revoke defendant's deferred judgment on July 15, 2009. The department filed an amended complaint on September 28, 2009, alleging four violations of defendant's conditions of supervision. Following a hearing, the trial court determined that counts one, three, and four were no longer at issue. The court addressed only count two, which alleged that defendant had violated the condition that he not use or possess any narcotic, dangerous, or abusable substance without a prescription. The complaint alleged that he had tested positive, multiple times, for THC (the active ingredient of marijuana). In response, defendant argued that he had used marijuana for medicinal purposes and,

thus, his use was protected by the Colorado Constitution—even though no doctor had recommended that he use marijuana until years *after* the use alleged in the revocation complaint.

¶ 4 After multiple hearings, the trial court found that defendant had not violated the conditions of his deferred judgment, and the court dismissed the revocation complaint. In essence, the court determined that defendant had established an affirmative defense to revocation because he satisfied conditions of the state constitution pertaining to medical marijuana. Subsequently, the trial court withdrew defendant's guilty plea and dismissed the criminal charges against him (as the three-year period of deferred judgment had elapsed by the time the court dismissed the revocation complaint). This appeal followed.

## II. Jurisdiction

■ ¶ 5 Defendant argues that we lack jurisdiction to hear this appeal because the trial court's order declining to revoke his deferred judgment is not a final appealable order. We conclude that we have appellate jurisdiction because the trial court ultimately dismissed the charges against defendant, which resulted in a final judgment.

¶ 6 Initially, we observe that the prosecution brought this appeal under section 16–12–102(1), C.R.S.2013. This statute authorizes appeals by the prosecution in criminal cases on questions of law. Defendant does not dispute that this appeal concerns a question of law.

■ ¶ 7 In criminal cases, a final judgment occurs when "the defendant is acquitted, the charges are dismissed, or the defendant is convicted and sentence is imposed." *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009). The finality requirement is met with respect to "any ruling or order of a district court once the action in which it was entered has produced a final judgment." *People v. Gabriesheski*, 262 P.3d 653, 657 (Colo.2011). Regardless of whether the order declining to revoke defendant's deferred judgment was immediately appealable, the finality requirement was met here when the trial court

dismissed all of the charges. *See People v. Seader*, 2012 COA 184, ¶ 13, 292 P.3d 1193 ("[W]e have jurisdiction under section 16–12–102(1) ... because the district court's dismissal of all charges in the indictment against defendant constitutes a final judgment.").

¶ 8 Defendant also argues that the appeal is moot. He maintains that any ruling from this court would have no practical effect because the charges have been dismissed and (according to him) they cannot be reinstated. We are not persuaded.

¶ 9 Where, as here, an appeal by the prosecution is authorized by statute, the Colorado Appellate Rules provide that we "shall issue a written decision answering the issues in the case and shall not dismiss the appeal as without precedential value." C.A.R. 4(b)(2). In this case, our options include, at least, affirming the trial court's order or disapproving the order. *See, e.g., People v. Lewis*, 791 P.2d 1152, 1154 (Colo.App.1989). In any event, we must issue a decision. *See People v. Jackson*, 972 P.2d 698, 700–01 (Colo.App. 1998) ("Because the People are authorized by [section] 16–12–102(1) ... to appeal any decision of the trial court in a criminal case upon any question of law, and this case pertains to a question of law, we are required to issue a written decision." (citing C.A.R. 4(b)(2))). Consequently, we proceed to address the merits of the appeal.

### III. Analysis

A. The Trial Court Erred as a Matter of Law in Holding That Defendant Established an Affirmative Defense to Revocation

¶ 10 The People contend that the trial court erred by concluding that defendant established an affirmative defense to revocation of the deferred judgment. In particular, the People argue that, although the state constitution sets forth an affirmative defense to criminal prosecution based on the medical use of marijuana, it does not provide a defense to an administrative proceeding such as the revocation here. We agree.

¶ 11 The interpretation of a constitutional provision and the application of a constitutional standard are questions of law we review de novo. *Danielson v. Dennis*, 139 P.3d 688, 691 (Colo. 2006); *City of Golden v. Parker*, 138 P.3d 285, 289 (Colo.2006); *People v. Clendenin*, 232 P.3d 210, 212 (Colo.App. 2009).

¶ 12 The trial court determined that defendant did not have a prescription for marijuana, and defendant does not dispute this point. *See Beinor v. Indus. Claim Appeals Office*, 262 P.3d 970, 974 (Colo.App.2011) (marijuana remains a schedule I controlled substance and cannot be legally prescribed). Instead, defendant argues that the terms of his deferred judgment did not include the condition that he not use any narcotic, dangerous, or abusable substance without a prescription. On the contrary, in his stipulation, he agreed to comply with reasonable terms imposed by the probation department. The trial court found that defendant, in discussions with the department, agreed not to use or possess any narcotic, dangerous, or abusable substance without a prescription. Hence, defendant was obligated to comply with this condition. And count two of the revocation complaint alleged that defendant used marijuana without a prescription.

¶ 13 In the hearings in the trial court, defendant did not contest the allegation that he had tested positive for the active ingredient in marijuana. Thus, the trial court ultimately determined that the salient issues were not whether defendant had a prescription for marijuana or whether he used this substance, but whether he had an affirmative defense to revocation because he allegedly used marijuana for medical purposes.[1] The court determined that article XVIII, section 14(2)(a) of the Colorado Constitution provides such a defense. The People argue that this provision does not apply to revocation proceedings. We agree with the People.

¶ 14 The plain language of article XVIII, section 14(2)(a) sets forth an "affirmative defense" available to a person "charged

---

1. In the revocation hearings, the People did not allege that defendant had violated the condition of supervision that prohibited his commission of a new criminal offense. Thus, we do not consider whether his alleged use of marijuana constituted a federal or state offense.

with a violation of the *state's criminal laws* related to [his or her] medical use of marijuana." (Emphasis added.) A proceeding to revoke a deferred judgment, however, is not a criminal prosecution. *See People v. Watkins,* 2012 COA 15, ¶ 26, 282 P.3d 500 (proceeding to revoke probation is not a criminal prosecution); *People v. Manzanares,* 85 P.3d 604, 607, 610 (Colo.App.2003) ("[a] deferred judgment is akin to a sentence of probation" and "a hearing to revoke deferred judgment or probation is fundamentally different from a criminal trial"); *see also People v. Allen,* 973 P.2d 620, 622 (Colo.1999) (distinguishing a hearing to revoke a deferred judgment from a criminal prosecution, and recognizing that "[d]efendants in revocation proceedings are not entitled to the full range of constitutional guarantees afforded to defendants in criminal prosecutions"); *cf. Coats v. Dish Network, L.L.C.,* 2013 COA 62, ¶ 22, 303 P.3d 147 (following *Watkins* and observing that "revoking state probation for a violation of federal law does not result in a federal charge or sentence"). Accordingly, the defense to criminal prosecution set forth in article XVIII, section 14(2)(a) does not apply to a proceeding to revoke a deferred judgment. *See Watkins,* ¶ 26 (deciding that very similar language of article XVIII, section 14(2)(b) does not apply to probation revocation proceedings).

■ ¶ 15 In other words, even if defendant had a defense to criminal prosecution of his alleged use of medical marijuana, the Colorado Constitution did not immunize him from revocation of his deferred judgment due to this use. Like probation, a deferred judgment is a privilege, in exchange for which defendants waive rights, including constitutional rights, that they might otherwise enjoy. *See Manzanares,* 85 P.3d at 607; *see also Watkins,* ¶¶ 28–29; *cf. Beinor,* 262 P.3d at 975 (article XVIII, section 14 does not create "a broader constitutional right than exemption from prosecution"). Defendant here agreed not to use substances like marijuana without a prescription. Because he violated this agreement, the People could seek revocation of his deferred judgment.

¶ 16 Accordingly, the trial court erred in concluding that article XVIII, section 14(2)(a)

of the state constitution provided a defense to the revocation complaint, and we disapprove the court's ruling.

B. Once Jeopardy Attaches and the Charges are Dismissed, Double Jeopardy Bars Reinstatement of the Charges

■ ¶ 17 The People assert that we can reinstate the original criminal charges improperly dismissed by the trial court with prejudice, even though jeopardy had attached before the dismissal. We do not agree.

■ ¶ 18 As the People concede, jeopardy attached to the criminal charges against defendant when the trial court accepted his guilty plea and continued the case for the deferred judgment period. *See Jeffrey v. Dist. Court,* 626 P.2d 631, 635 n. 4 (Colo. 1981). "Once jeopardy has attached, it prevents the retrial of the defendant, and the only function that our opinion serves is to approve or disapprove the dismissal of the charges under the facts of the case." *People v. Moore,* 226 P.3d 1076, 1092 (Colo.App. 2009).

¶ 19 Nonetheless, the People contend that, under *People v. Dement,* 661 P.2d 675 (Colo. 1983), *abrogated in part on other grounds by People v. Fry,* 92 P.3d 970, 976 (Colo.2004), an appellate court may reinstate charges improperly dismissed by the trial court with prejudice even where jeopardy had attached. *Dement,* however, does not support the People's contention. There, the defendant was convicted in Denver County Court. *Id.* at 677. On appeal, the Denver Superior Court reversed the conviction and ordered dismissal of the case with prejudice. *Id.* On further review, the Colorado Supreme Court held that the appropriate remedy was retrial in the county court. *Id.* Hence, in *Dement,* the trial court did not dismiss the charges against the defendant; instead, the defendant was convicted of the charges. In that situation, the defendant could be retried after the appellate courts discerned error in the trial. That is not this case.

¶ 20 The People also cite out-of-state cases for the propositions that only an acquittal

bars retrial and a dismissal with prejudice does not constitute an acquittal. Under these cases, an acquittal, for double jeopardy purposes, means the resolution of some factual elements of the offense in the defendant's favor. *State v. Clemente*, 128 Hawai'i 449, 290 P.3d 519, 522–23 (App.2012); *People v. Alonso*, 91 A.D.3d 663, 936 N.Y.S.2d 250, 253 (2012); *cf. City of Farmington v. Pinon–Garcia*, 284 P.3d 1086, 1089–90 (App. 2012) (*cert. granted* Aug. 3, 2012). These cases, however, are at odds with our supreme court's precedent interpreting our state constitution, which prohibits retrial in the event of an erroneous dismissal of a charge after jeopardy has attached, even where the dismissal was on grounds unrelated to factual guilt or innocence. *See People v. Quintana*, 634 P.2d 413, 420 (Colo.1981); *see also Moore*, 226 P.3d at 1092 (double jeopardy barred reinstatement of charges dismissed by the trial court as a sanction for a discovery violation) (citing *Quintana*, 634 P.2d at 420).

¶ 21 Finally, the People argue that the trial court's order was a nullity because the court acted beyond the scope of its subject matter jurisdiction when it dismissed the complaint to revoke defendant's deferred judgment. Subject matter jurisdiction, however, concerns a court's authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment in a case within that class. *Minto v. Lambert*, 870 P.2d 572, 575 (Colo.App.1993). The trial court here plainly had authority to decide whether to revoke defendant's deferred judgment. *See* Ch. 318, sec. 2, § 18–1.3–102(2), 2002 Colo. Sess. Laws 1366–67. Although we have concluded that the court erred in dismissing the revocation complaint, this does not mean that the court lacked subject matter jurisdiction to make its decision. Hence, its order was not a nullity.

## IV. Conclusion

¶ 22 The trial court's ruling is disapproved.

JUDGE LOEB and JUDGE TERRY concur.