Opinion by JUDGE BERGER
¶ 1 Defendant, Osvaldo Corrales-Castro, appeals the district court's order denying his motion to withdraw his plea of guilty to the crime of criminal impersonation. The district court held that it lacked jurisdiction to consider the motion because the plea had already been withdrawn pursuant to a successfully completed deferred judgment.
¶ 2 We hold that, when, as here, a guilty plea that is withdrawn after the successful completion of a deferred judgment may nevertheless result in the removal of a defendant from the United States (or the defendant's inability to re-enter the country), Crim. P. 32(d) authorizes the defendant to challenge the constitutionality of the plea, irrespective of its prior withdrawal. Accordingly, we reverse the district court's order and remand for further proceedings.
I. Relevant Facts
¶ 3 In 2009, defendant pleaded guilty to criminal impersonation and driving under the influence (DUI). The district court imposed a one-year deferred judgment and sentence (deferred judgment) on the criminal impersonation count, and one year of probation on the DUI count.
¶ 4 In 2010, defendant successfully completed the conditions of the deferred judgment and probation. The district court withdrew the guilty plea on the criminal impersonation count, dismissed that count, and closed the case.
¶ 5 In 2013, defendant filed a Crim. P. 32(d) motion to withdraw his guilty plea to criminal impersonation, alleging ineffective assistance of counsel. Specifically, defendant alleged that his defense counsel had failed to inform him that his guilty plea to criminal impersonation could have negative federal immigration consequences, even if he successfully completed the conditions of the deferred judgment. The district court denied the motion, holding that it lacked jurisdiction to consider defendant's motion to withdraw his guilty plea.
II. Standard of Review
¶ 6 While normally we review the denial of a Crim. P. 32(d) motion for an abuse of discretion, People v. Martinez, 188 Colo. 169, 171-72, 533 P.2d 926, 928 (1975), here the district court ruled that it had no jurisdiction to consider defendant's motion. Whether a district court has jurisdiction over a matter is a question of law that we review de novo. People v. Maser, 2012 CO 41, ¶ 10, 278 P.3d 361.
III. Analysis
¶ 7 We begin with several fundamental propositions, none of which is disputed by either party.
*704 ¶ 8 First, "[b]efore deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." Padilla v. Kentucky, 559 U.S. 356, 364, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (internal quotation marks omitted); see also Missouri v. Frye, 566 U.S. 134, 142, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) ; Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; People v. Roybal, 618 P.2d 1121, 1126 (Colo. 1980).
¶ 9 Second, when the terms of a relevant immigration statute are "succinct, clear, and explicit" in defining the immigration consequences of a plea to a particular charge, counsel must give "correct advice." Padilla, 559 U.S. at 368-69, 130 S.Ct. 1473 ; accord People v. Kazadi, 284 P.3d 70, 73 (Colo. App. 2011) ( Kazadi I ), aff'd, 2012 CO 73, 291 P.3d 16 ( Kazadi II ). When the law is not succinct, clear, and explicit, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla, 559 U.S. at 368-69, 130 S.Ct. 1473 ; accord People v. Vicente-Sontay, 2014 COA 175, ¶ 28, 361 P.3d 1046 ; Kazadi I, 284 P.3d at 73. In the deportation context, "counsel must inform her client whether his plea carries a risk of deportation" because the "seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families" demand no less under the Sixth Amendment. Padilla, 559 U.S. at 374, 130 S.Ct. 1473 ; see also Kazadi II, ¶ 31 (Bender, C.J., dissenting).
¶ 10 Third, a plea counsel's failure to comply with the above requirements may constitute ineffective assistance and render the resulting plea a violation of the defendant's Sixth Amendment right to counsel. See Padilla, 559 U.S. at 366, 130 S.Ct. 1473.
¶ 11 We now consider the facts of this case in light of those precepts. Defendant claims that ineffective assistance of counsel rendered his guilty plea involuntary and thus unconstitutional. The People respond that, irrespective of whether that is so, defendant has already obtained the very relief that he now seeks-withdrawal of his guilty plea-and that the district court correctly held it lacked jurisdiction to consider defendant's motion to withdraw his plea.
¶ 12 We agree with part of the People's assertion: the guilty plea was withdrawn when defendant successfully completed the terms of the deferred judgment. See § 18-1.3-102(2), C.R.S. 2014 ("Upon full compliance with [the] conditions [of a deferred judgment], the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."). However, we reject the People's arguments that defendant has therefore already obtained the relief he now seeks and that the district court was accordingly without jurisdiction to consider the Crim. P. 32(d) motion.
A. Defendant May Move to Withdraw His Guilty Plea Under Crim. P.32(d)
¶ 13 There are different varieties of plea withdrawals. When a plea that was entered unconstitutionally-because it was made in violation of the defendant's constitutional right to counsel under the Sixth Amendment-is withdrawn, it is void for any purpose. See State v. Moore, 165 Ohio App.3d 538, 847 N.E.2d 452, 457 (2006) ("A guilty plea is ... void if the defendant does not receive effective assistance of counsel" and a void guilty plea "carries no force or effect at law.").
¶ 14 Not so with respect to a plea that is withdrawn after the successful completion of a deferred judgment. To be sure, a plea withdrawn after the successful completion of a deferred judgment no longer has any direct consequences under state law.[1]
¶ 15 Nevertheless, under federal immigration law, a guilty plea withdrawn after the successful completion of a deferred judgment remains a "conviction" that may require *705 removal of the defendant from the United States. See, e.g., Pinho v. Gonzales, 432 F.3d 193, 205 (3d Cir. 2005). In contrast, a guilty plea that is withdrawn because it is unconstitutional is not a "conviction" for federal immigration purposes and does not require removal of the defendant from the United States or necessarily prohibit re-entry after removal. See id. at 209-10.
¶ 16 Thus, defendant's guilty plea, which was entered under Colorado law and accepted by a Colorado court, may still have serious immigartion consequences, despite having been withdrawn upon defendant's successful completion of the deferred judgment. The question is whether Colorado law provides any avenue of relief for defendant. We hold that it does.[2]
¶ 17 Both the supreme court and this court have wrestled with this and related issues. In Kazadi, the defendant pleaded guilty to, and received a deferred judgment for, offenses which required his removal from the United States. Kazadi II, ¶¶ 4, 5, 7. He later claimed that he had received ineffective assistance of counsel in connection with the plea and moved under Crim. P. 35(c) to vacate the deferred judgment. Id. at ¶ 8.
¶ 18 The supreme court held that the defendant could not challenge a guilty plea made in accordance with a deferred judgment agreement under Crim. P. 35(c) because that rule requires a judgment of conviction as a predicate to relief. Id. at ¶¶ 16, 19. The deferred judgment statute, section 18-1.3-102, provides that a judgment of conviction will not be entered during the pendency of a deferred judgment. Therefore, "a deferred judgment is not a final judgment, and thus may not be subject to ... Crim. P. 35(c) review ... until revoked." Kazadi II, ¶ 18 (internal quotation marks omitted). Still, the supreme court held that the defendant could challenge his plea under Crim. P. 32(d) because no sentence had yet been imposed or suspended. Id. at ¶ 20.
¶ 19 Notably, in Kazadi, unlike this case, when the defendant challenged his guilty plea, the period of his deferred judgment had not yet expired.
¶ 20 In People v. Espino-Paez, 2014 COA 126, ¶¶ 10-16, 410 P.3d 548, a case very similar to this case, a divided division of this court concluded that this distinction was determinative and held that the district court lacked jurisdiction to consider the defendant's Crim. P. 32(d) motion to withdraw his guilty plea. The division reached this conclusion because the motion was filed after the defendant had successfully completed the deferred judgment, the district court had withdrawn the guilty plea, and the case had been dismissed with prejudice. Id. at ¶¶ 11-13. The division distinguished Kazadi on the basis that in Kazadi, the defendant's guilty plea had not yet been withdrawn upon successful completion of the deferred judgment. Id. at ¶ 15.
¶ 21 Judge Taubman dissented in part from the majority's opinion in Espino-Paez . Id. at ¶¶ 19-43 (Taubman, J., concurring in part and dissenting in part). He opined that the supreme court in Kazadi did not limit its holding to "uncompleted or pending deferred judgments" and that, accordingly, under Kazadi, the district court in Espino-Paez had jurisdiction to consider the defendant's motion to withdraw his guilty plea. Id. at ¶¶ 29-30.
¶ 22 We disagree with the majority in Espino-Paez and hold that Crim. P. 32(d) allows defendant to challenge his guilty plea under the specific circumstances of this case because his plea remains a "conviction" with serious immigration consequences, notwithstanding *706 the withdrawal of the plea after the successful completion of the deferred judgment. To the extent that the plea remains a "conviction" for certain purposes, defendant has a right to litigate whether he may withdraw his plea as void because the Colorado rule governing withdrawal of pleas does not expressly deny him such a remedy.
¶ 23 Crim. P. 32(d) provides that "[a] motion to withdraw a plea of guilty ... may be made only before sentence is imposed or imposition of sentence is suspended." One of the permissible grounds for withdrawal of a guilty plea under Crim. P. 32(d) is ineffective assistance of counsel. Kazadi II, ¶ 2.
¶ 24 Because defendant successfully completed the deferred judgment, no sentence was ever imposed or suspended based upon his plea of guilty to criminal impersonation. As the supreme court explained in Kazadi,
A deferred judgment is not the equivalent of a suspension of sentence because no sentence has been imposed or suspended. Rather, a deferred judgment is a continuance of the defendant's case in lieu of the imposition of sentence.... Therefore, a deferred judgment fits within the scope of Crim. P. 32(d).
Id. at ¶ 20.
¶ 25 As well, nothing in Crim. P. 32(d) expressly prohibits a constitutional challenge to a plea that, even though withdrawn for some purposes, still has serious immigration consequences such as those alleged by defendant. Given what is at stake here, we refuse to read into this rule any limitation that is not clearly expressed in the rule itself.
¶ 26 Accordingly, we hold that, when, as here, a defendant shows that his or her guilty plea may have serious immigration consequences under federal immigration law notwithstanding its withdrawal pursuant to section 18-1.3-102(2), the defendant may challenge the constitutionality of the plea under Crim. P. 32(d).
B. The District Court Has Jurisdiction Over Defendant's Crim. P. 32(d) Motion
¶ 27 We also reject the People's argument that the district court lacks jurisdiction to consider defendant's Crim. P. 32(d) motion because defendant's case had been dismissed with prejudice.[3] Rather, the district court has subject matter jurisdiction over defendant's Crim. P. 32(d) motion and personal jurisdiction over defendant.
¶ 28 First, "[a] court has subject matter jurisdiction where it has been empowered to entertain the type of case before it by the sovereign from which the court derives its authority." Wood v. People, 255 P.3d 1136, 1140 (Colo. 2011) ; see also People v. Wilburn, 2013 COA 135, ¶ 21, 343 P.3d 998 ("Subject matter jurisdiction ... concerns a court's authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment in a case within that class."). The Colorado Constitution provides that "[t]he district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all ... criminal cases." Colo. Const. art. VI, § 9 (1); see People v. Sherrod , 204 P.3d 466, 469 (Colo. 2009).
¶ 29 Therefore, when, as here, a guilty plea remains a "conviction" with serious immigration consequences despite the successful completion of a deferred judgment, the district court's general jurisdiction over all criminal cases provides the court with the authority to consider whether that plea was constitutionally entered. Cf. Brown v. Silvern, 141 P.3d 871, 873-74 (Colo. App. 2005) (holding that although the entire case was voluntarily dismissed with prejudice before the motion at issue was filed, the district court had subject matter jurisdiction to decide *707 the motion because the claim was a type the court had been empowered to determine).
¶ 30 For similar reasons, the district court has personal jurisdiction over defendant. "Personal jurisdiction is the court's power to subject a particular defendant to the decisions of the court." People v. Jones, 140 P.3d 325, 328 (Colo. App. 2006) ; see also People v. Owen, 122 P.3d 1006, 1008 (Colo. App. 2005) ("Personal jurisdiction concerns the court's adjudicatory authority over a particular individual."). In Colorado, "[a] person is subject to prosecution in [state district court] for an offense which he commits, by his own conduct, ... if: [t]he conduct constitutes an offense and is committed either wholly or partly within the state." § 18-1-201(1)(a), C.R.S. 2014. "[O]nce jurisdiction over the person of the accused is established in a criminal case, the court before which he is arraigned has power to adjudicate the questions raised by the charge and the pleas entered thereon." People v. Garcia, 2013 COA 15, ¶ 15, 320 P.3d 360 (internal quotation marks omitted).
¶ 31 "[N]onwaivable 'jurisdictional defects' refer not to matters of personal jurisdiction, but rather to matters of subject matter jurisdiction." Owen, 122 P.3d at 1008 ; see also 14 Robert J. Dieter, Colorado Criminal Practice and Procedure § 2.90 (2d ed. 2014) ("Unlike subject matter jurisdiction, objections to the court's jurisdiction over the person may be waived."). Thus, to the extent that an argument could be made that the district court lost personal jurisdiction over defendant once the charge was dismissed with prejudice, we conclude that defendant's filing of the Crim. P. 32(d) motion constituted a waiver of such an objection. By filing the Crim. 32(d) motion, defendant subjected himself to the court's authority because the doctrine of personal jurisdiction exists to protect the individual against the exercise of the court's adjudicatory authority, and any action favorable to defendant taken by the court on defendant's motion would be for his benefit and at his request.
¶ 32 The majority in Espino-Paez relied, in part, upon People v. Carbajal, 2012 COA 107, ¶ 53, 312 P.3d 1183, for its conclusion that the district court lost jurisdiction when the defendant's deferred judgment terminated as a matter of law. Espino-Paez, ¶ 13. However, Carbajal is distinguishable.
¶ 33 The defendant in Carbajal did not challenge the constitutionality of his guilty plea, but rather the district court's denial of his petition to discontinue sex offender registration. Carbajal, ¶¶ 20-21, 25, 30. The defendant filed the petition after he had completed his deferred judgment and his case had been dismissed with prejudice. Id . at ¶ 18. The district court denied the petition because, among other things, the defendant had not proven he had successfully completed certain conditions of the deferred judgment, such as sex offender treatment. Id . at ¶ 27.
¶ 34 Accordingly, the significance of the court's conclusion that the district court "lost jurisdiction" when the defendant's deferred judgment terminated was that, at that point, the "defendant was no longer bound by any sentence or probationary conditions" of that judgment. Id. at ¶ 53. The district court therefore abused its discretion by holding him responsible for fulfilling those conditions. Id.
¶ 35 But whether a district court has authority to enforce compliance with the conditions of a deferred judgment after the deferred judgment has terminated (and thus whether the court could consider failure to comply with such conditions in denying the defendant's petition) is not the same inquiry as whether a district court has authority to consider the constitutionality of a guilty plea underlying a deferred judgment. Carbajal is thus not inconsistent with our conclusion that because defendant's guilty plea remains in effect for certain purposes, the district court has jurisdiction to consider defendant's Crim. P. 32(d) motion.
¶ 36 For all of these reasons, we disagree with the majority in Espino-Paez and we decline to follow the holding of that case. See People v. Thomas, 195 P.3d 1162, 1164 (Colo. App. 2008) (one division of the court of appeals is not bound by decisions of another division of the court). Rather, we conclude *708 that defendant has the right to have his motion to withdraw his plea as void ab initio heard and determined by the district court. Cf. State v. Cervantes, 169 Wash.App. 428, 282 P.3d 98, 99-101 (2012) (even though a noncitizen defendant already had his felony conviction vacated for fulfilling all sentence requirements, the court still had jurisdiction to vacate his conviction on constitutional grounds).
IV. Time Bar
¶ 37 The district court held that an alternate ground for its denial of defendant's motion was "that to the extent there was ever a conviction in this case, that conviction entered more than three years prior to the filing of the [ Crim. P. 32(d) ] motion" and thus the motion was time barred under section 16-5-402(1), C.R.S. 2014. Section 16-5-402(1) provides that for all felony convictions other than those for class 1 felonies, a collateral attack on the validity of the conviction must be brought within three years of the conviction.
¶ 38 We disagree with the court that section 16-5-402(1) bars consideration of defendant's Crim. P. 32(d) motion. Section 16-5402 "imposes time limitations for commencing collateral attacks on judgments of conviction. " People v. Wiedemer, 852 P.2d 424, 428 (Colo. 1993) (emphasis added). A motion to withdraw a guilty plea under Crim. P. 32(d) is not a collateral attack on a judgment of conviction because no judgment of conviction was ever entered. See Kazadi II, ¶¶ 16-19.
¶ 39 Accordingly, under the circumstances presented here, a Crim. P. 32(d) motion is not subject to the time limits of section 16-5-402(1), and defendant's motion is not time barred by that statute (although, on remand, the district court may consider prudential factors in determining whether defendant is entitled to Crim. P. 32(d) relief, including "whether [he] promptly moved to withdraw the guilty plea," Crumb v. People, 230 P.3d 726, 730 (Colo. 2010) ).
V. Proceedings on Remand
¶ 40 We express no view as to whether defendant ultimately is entitled to withdrawal of his plea under Crim. P. 32(d) on constitutional grounds. That is, at least in the first instance, for the district court to decide.[4] If the court determines on remand that defendant is entitled to withdrawal his plea because of ineffective assistance of counsel, the People are entitled to reinstate the original charge against defendant. As discussed above, the plea that is withdrawn under Crim. P. 32(d) because it was unconstitutional is void. A void plea has no "legal effect" and is an "absolute nullity." Black's Law Dictionary 1805 (10th ed. 2014) (defining "void"). The plea essentially is treated as though it had never existed and the associated plea agreement had not been made. Cf. Doenges-Long Motors, Inc. v. Gillen , 138 Colo. 31, 36, 328 P.2d 1077, 1080 (1958) (effect of a void contract). Thus, if a plea is withdrawn as void, the criminal proceeding must be restored, and the parties returned, to the status quo existing before the plea agreement was made. See e.g., Unites States v. Wells, 430 F.2d 225, 230 (9th Cir. 1970) ; Munich v. United States, 337 F.3d 356, 361 (9th Cir. 1964) superseded by rule as stated *709 in United States v. Sanclemente-Bejarano, 861 F.2d 206 (9th Cir. 1988) ; Brown v. State, 660 So.2d 235, 236 (Ala. Crim. App. 1995) ; Hammond v. State, 665 So.2d 970, 974 (Ala.Crim. App. 1995).
¶ 41 Accordingly, if the trial court determines that defendant is entitled to relief under Crim. P. 32(d), the court must condition that relief upon defendant's consent to reinstatement of the original charge.
VI. Conclusion
¶ 42 The order denying defendant's motion to withdraw his guilty plea under Crim. P. 32(d) is reversed and the case is remanded for a determination of defendant's Crim. P. 32(d) motion.
JUDGE LICHTENSTEIN and JUDGE NAVARRO concur.

Though this court has held that even when a plea is withdrawn following the successful completion of a deferred judgment, a court ordinarily has discretion to continue sex offender registration requirements imposed because of the guilty plea. See People v. Carbajal, 2012 COA 107, ¶ 39, 312 P.3d 1183.

Because we hold that defendant may challenge his guilty plea under Crim. P. 32(d), we do not address whether other procedural mechanisms, such as a petition for habeas corpus ("petition for relief-civil cases," § 13-45-102, C.R.S. 2014) or a petition under C.R.C.P. 106(a), could have been used to challenge the plea in this case. See C.R.C.P. 106(a)(1) ("In the following cases relief may be obtained in the district court by appropriate action under the practice prescribed in the Colorado Rules of Civil Procedure.... Where any person not being committed or detained for any criminal or supposed criminal matter is illegally confined or restrained of his liberty."). This type of relief may be similar to that available through a petition for the common law writ of coram nobis. See Chaidez v. United States, 568 U.S. 342, 345, 133 S.Ct. 1103, 1106 n. 1, 185 L.Ed.2d 149 (2013) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person ... who is no longer 'in custody.' ").

At the expiration of the deferred judgment period, the district court determined that defendant had complied with all of the conditions of the deferred judgment and ordered his guilty plea withdrawn. The court then ordered the case "closed." Although the court did not use the term "dismissed with prejudice," section 181.3-102(2), C.R.S. 2014, provides that when a defendant has fully complied with the conditions of a deferred judgment, "the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice." Thus, the charge against defendant was dismissed with prejudice by operation of law.

In People v. Vicente-Sontay, 2014 COA 175, 361 P.3d 1046, a division of this court affirmed a district court's order denying the defendant's Crim. P. 35(c) motion. That motion contended that plea counsel was constitutionally ineffective for, among other things, failing to advise the defendant that his guilty plea would constitute a conviction of a crime involving moral turpitude, which would cause him to be removed from the United States. Id. at ¶ 6. The district court held, after an evidentiary hearing, that the immigration consequences of a plea of guilty to the crime of criminal impersonation (the same crime to which defendant pleaded guilty) were not "succinct, clear or explicit" and that, therefore, the lawyer's failure to advise the defendant on specific immigration consequences did not constitute ineffective assistance. See id. at ¶¶ 12, 28. The division upheld that determination. Id. at ¶ 35. However, Vicente-Sontay recognizes that cases decided after the defendant's plea in Vicente-Sontay may affect a determination of whether the immigration consequences of a plea of guilty to the offense of criminal impersonation are "succinct, clear, or explicit." Id. at ¶ 35. Moreover, we do not address, in the first instance, whether the immigration consequences of defendant's guilty plea were "succinct, clear, or explicit" because this determination goes to the merits of defendant's ineffective assistance claim, not whether the district court has jurisdiction to consider his Crim. P. 32(d) motion.