**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

*v.*

**Mark K. JANES, Defendant–Appellant.**

**No. 96CA1680.**

Colorado Court of Appeals, Div. IV.

Jan. 8, 1998.

Rehearing Denied Feb. 26, 1998.

Certiorari Granted Sept. 14, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Elizabeth Rohrbough, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Scott H. Robinson, P.C., Scott H. Robinson, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Mark K. Janes, appeals the judgment of conviction entered on a jury verdict finding him guilty of manslaughter for fatally shooting a person in his dwelling. Defendant contends that the trial court erred in denying his pre-trial motion to dismiss the charges against him pursuant to § 18–1–704.5, C.R.S.1997, (the "make-my-day" law) and, in several instances, improperly instructing the jury. We reverse the judgment and order a new trial.

In June 1995, the victim, a former roommate and lover of defendant, entered defendant's dwelling apparently using the key he had retained from his prior co-tenancy. The victim, who was drunk, awakened defendant, but failed to notice that another man was also in defendant's bed.

The victim tried to persuade defendant to reconcile with him until he became aware of the presence of the other man, at which point the victim dragged the third party out of the bed and assaulted him. During defendant's attempt to stop the assault, he fatally shot the victim.

I.

Defendant contends that the trial court erred in denying his pre-trial motion to dismiss. We disagree.

Section 18–1–704.5 was enacted to cloak with immunity from criminal prosecution and civil liability the occupant of a dwelling who, under certain circumstances, used force against an unlawful intruder into the dwelling. For there to be such immunity, the occupant must have reasonably believed that the intruder might use physical force, however slight, against a person in the dwelling and that the intruder had committed, was committing, or intended to commit, a crime within the dwelling. *People v. Guenther,* 740 P.2d 971 (Colo.1987).

Section 18–1–704.5(2), C.R.S.1997, provides in pertinent part:

[A]ny occupant of a dwelling is justified in using any degree of physical force, including deadly physical force, against another person when that other person has made an unlawful entry into the dwelling, and when the occupant has reasonable belief that such other person has committed a crime in the dwelling in addition to the uninvited entry, or is committing or intends to commit a crime against a person or property in addition to the uninvited entry, and when the occupant reasonably believes that such other person might use any physical force, no matter how slight, against any occupant.

■ When invoking § 18–1–704.5 prior to trial as a bar to a criminal prosecution, the defendant must establish by a preponderance of the evidence that he or she falls within the language of the statute and immunity is required. *People v. Guenther, supra.*

■ Even if a pretrial motion to dismiss is denied, the defendant may also raise the issue at trial as an affirmative defense to criminal charges arising out of the defendant's use of force against the intruder. *People v. Guenther, supra.*

The supreme court in *People v. McNeese,* 892 P.2d 304 (Colo.1995) determined that it was the intent of the General Assembly to provide immunity for occupants against intruders who *unlawfully* entered a dwelling to commit a crime, but not to grant immunity for the use of physical force against persons who either entered accidentally or in good faith.

Therefore, the court in *McNeese* held that, when § 18–1–704.5 is invoked by a defendant as a bar to criminal prosecution by pre-trial motion, the burden is on the defendant to prove by a preponderance of the evidence that the intruder made an unlawful, or *knowing criminal,* entry into the dwelling, and that the defendant had a reasonable belief that the intruder intended to commit a crime within the defendant's dwelling.

Further, in an attempt to afford the occupant of a dwelling sufficient protection from criminal prosecution, while at the same time discouraging random acts of violence, the *McNeese* court defined "unlawful entry" as a "knowing, criminal entry," to include the *mens rea* of the intruder within the definition. *People v. McNeese, supra,* 892 P.2d at 310–311.

■ The trial court denied defendant's pre-trial motion to dismiss because it concluded that defendant had not proven by a preponderance of the evidence that the intruder had committed a *knowing* violation of the criminal code by his entry, nor had the defendant proven by a preponderance of the evidence his own reasonable belief that the intruder, at the time of his entry, intended to commit a crime against a person or property. We conclude that sufficient evidence exists in the record to support the trial court's findings. *See People v. McNeese, supra; Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629 (1978).

## II.

Defendant further argues that the court erroneously instructed the jury on the affirmative defense provided by § 18–1–704.5 and that the court erred in rejecting his proposed instructions on both the affirmative defense of using deadly force to prevent the commission of assault pursuant to § 18–1–704(2)(c), C.R.S.1997, and on apparent necessity. We agree in part.

### A.

■ When a defendant raises the "make-my-day" statute as an affirmative defense at trial as set forth in § 18–1–704.5(2), he or she

is required to present some credible evidence supporting the applicability of the statute. *People v. Guenther, supra.*

If evidence of any affirmative defense is presented, the burden shifts to the prosecution to prove beyond a reasonable doubt the guilt of the defendant as to the issue raised by the affirmative defense, as well as all other elements of the offense charged. Section 18–1–704, C.R.S.1997; *People v. Guenther, supra.*

Here, sufficient evidence of unlawful entry by the victim and self-defense existed to shift the burden to the prosecution in this case.

An instruction which tracked the language of § 18–1–704 and indicated the prosecution's affirmative defense burden was provided by the court. It stated:

> It is an affirmative defense to the crime of Manslaughter that the Defendant used physical force, including deadly physical force, against another person, that
>
> 1. while the Defendant was an occupant of a dwelling,
>
> 2. the other person made an unlawful entry into that dwelling,
>
> 3. the Defendant had a reasonable belief that the other person had committed or is committing or intends to commit a crime in the dwelling in addition to the uninvited entry,
>
> 4. and the Defendant reasonably believed that the other person might have used any physical force no matter how slight, against an occupant of the dwelling.

However, another instruction which attempted to capture the *mens rea* requirement of *McNeese*—required when pre-trial immunity is sought—was given to the jury.

The court instructed:

> To find the defendant not guilty based upon the lawful use of deadly physical force against an intruder, you must find that the victim made a knowingly unlawful entry into the defendant's apartment. An entry that is uninvited is not necessarily unlawful. This defense is not available if the victim entered the apartment in the good faith belief he was making a lawful entry.

The first sentence of this instruction is an accurate statement of the *McNeese* requirement to prove a knowing, criminal entry by a preponderance of evidence for *pre-trial, statutory immunity* from prosecution. However, the court in *McNeese* did not address the elemental requirements when asserted as an affirmative defense at trial.

■ In any event, the language of the instruction fails to indicate that the defense is an affirmative defense and that, as such, the prosecution has the burden to disprove the existence of the defense. When a defendant is using the "make-my-day" statute as an affirmative defense at trial, it is error to imply that the defendant, and not the prosecution, has the burden of proof. We therefore conclude that the trial court erred in giving this instruction, which places the burden on the defendant to prove the affirmative defense, and thus, a new trial is required.

### B.

An issue that may arise at retrial relates to the trial court's refusal of defendant's tendered self-defense and apparent necessity instructions, which embodied the right to use deadly physical force to repel or counter the commission, or the attempted commission, of first degree assault. Under the evidence presented, we agree with defendant that an appropriate instruction on self-defense and apparent necessity should have been given.

The specific language of the tendered self-defense instruction advised the jury that individuals have a right to use deadly physical force where lesser force is reasonably believed to be inadequate and the other party is committing or appears to be about to commit an assault. This language parallels that of § 18–1–704(2)(c), C.R.S.1997, and was rejected by the court without explanation in the record.

■ Although a self-defense instruction is not required in every case where force is used, a defendant is entitled to such an instruction if there is any evidence in the record to support the theory that he or she acted in self-defense. *People v. Dillon,* 631 P.2d 1153 (Colo.App.1981), *rev'd on other grounds,* 655 P.2d 841 (Colo.1982).

To refuse an instruction where it is required deprives the accused of his or her constitutional right to a trial by a jury. *Young v. People*, 47 Colo. 352, 107 P. 274 (1910).

Here, there was sufficient evidence in the record to support the defendant's theory of self-defense; therefore, we conclude this instruction should have been accepted. And, under a similar evidentiary posture on retrial, it should be submitted to the jury.

However, the tendered apparent necessity instruction is embodied within the "reasonable belief" language of both the "make-my-day" law and the rejected self-defense instruction. *See* § 18–1–704(2)(c). Hence, we conclude that the self-defense instruction, had it been accepted, would have made this additional apparent necessity instruction unnecessary.

Because we conclude that the trial court erred in its instruction of the "make-my-day" affirmative defense, requiring a new trial, we decline to address defendant's remaining issues.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

MARQUEZ and ROY, JJ., concur.