**David Henry WOOD, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 09SC990.**

Supreme Court of Colorado,
En Banc.

June 27, 2011.

---

Saltrese, Faville & DeSeguin, LLC, Sandra Saltrese–Miller, Denver, Colorado, Law Offices of Ingrid J. DeFranco Ingrid J. DeFranco, Brighton, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Katherine A. Aidala, Assistant Attorney General, Criminal Justice Section, Appellate Division, Denver, Colorado, Attorneys for Respondent.

Justice MÁRQUEZ delivered the Opinion of the Court.

In 2006, a jury convicted David Henry Wood of manslaughter for fatally shooting a person in his apartment during a drug transaction. On direct appeal, Wood argued that the trial court erred in denying his pretrial request for immunity from prosecution under section 18–1–704.5, C.R.S. (2010), the "make-my-day" statute. The court of appeals declined to address Wood's challenge to the trial court's pretrial order, concluding that such an order is unreviewable on appeal. *People v. Wood,* 230 P.3d 1223, 1225–26 (Colo.App.2009). We granted Wood's petition for a writ of certiorari to review the court of appeals' opinion, and now affirm. We hold that a trial court's pretrial ruling denying immunity from prosecution under section 18–1–704.5 may not be reviewed on appeal after trial. Rather, the proper avenue for seeking review of such a pretrial order is under C.A.R. 21.

## I.

In November 2004, James Barnes and a female companion met David Wood on the street and offered to sell him crack cocaine. Wood testified that he allowed the pair inside his apartment to complete the sale. In Wood's apartment, Barnes produced a bindle of fake drugs from his mouth, placed it on the table, and demanded his money. Wood asked to sample the crack before paying for it. Barnes refused, and a scuffle ensued, culminating with Wood fatally shooting Barnes.

Denver prosecutors charged Wood with first degree murder. Wood pleaded not guilty and moved for dismissal of the charges, contending he was immune from prosecution under the "make-my-day" statute. § 18–1–704.5. The trial court denied Wood's motion, remarking, "It's not even close, in my judgment." Wood did not seek review of this ruling under C.A.R. 21. At trial, Wood asserted both the "make-my-day" defense and self-defense. The jury ultimately acquitted Wood of first degree murder, but convicted him of manslaughter.

On direct appeal, Wood contended that the trial court erred in denying his pretrial request for immunity under the "make-my-day" statute. The court of appeals declined to review the trial court's pretrial ruling and affirmed Wood's conviction. *Wood,* 230 P.3d at 1223. The court reasoned that, unlike the Colorado Governmental Immunity Act, §§ 24–10–108 to –118(2.5), C.R.S. (2010), the "make-my-day" statute does not expressly authorize an appeal from a pretrial order denying immunity. *Wood,* 230 P.3d at 1225. It also likened the pretrial "make-my-day" immunity procedure to a preliminary hearing in a criminal case or summary judgment in a civil case, observing that orders denying dismissal of charges at a preliminary hearing or denying summary judgment are not final when pronounced and "become moot once the issues have been resolved by the fact finder." *Id.* at 1225–26. The court concluded that a pretrial order denying a motion to dismiss under the "make-my-day" statute is likewise unreviewable, and that, "[a]bsent extraordinary relief under C.A.R. 21, a defendant's only recourse is to raise the issue as a defense at trial and, if unsuccessful, appeal the jury's verdict." *Id.* (internal citation omitted).[1]

---

1. The court of appeals acknowledged that other divisions of the court have upheld pretrial orders denying immunity under the "make-my-day" statute, albeit without addressing whether such orders are appealable. *Id.* at 1226 n. 1 (citing *People v. Janes,* 962 P.2d 315, 316–17 (Colo.App.

We granted certiorari review and now affirm.[2]

## II.

Wood argues that where a defendant meets the statutory conditions for immunity under section 18–1–704.5, the trial court has no subject matter jurisdiction to hear the case. Consequently, Wood contends, "make-my-day" immunity may be raised at any time, including for the first time on appeal. We disagree. A defendant's request for immunity under the "make-my-day" statute does not implicate a court's subject matter jurisdiction; moreover, a trial court's pretrial denial of a motion to dismiss charges on grounds of such immunity is not a final order subject to immediate appeal. A defendant may seek immediate review of such a ruling by invoking this court's original jurisdiction under C.A.R. 21; however, after trial, the jury's verdict subsumes the trial court's pretrial ruling, and the defendant's recourse is to appeal the jury's verdict.

### A.

The "make-my-day" statute, codified at 18–1–704.5, provides:

(1) The general assembly hereby recognizes that the citizens of Colorado have a right to expect absolute safety within their own homes.

(2) Notwithstanding the provisions of section 18–1–704 [defense of a person], any occupant of a dwelling is justified in using any degree of physical force, including deadly physical force, against another person when that other person has made an unlawful entry into the dwelling, and when the occupant has a reasonable belief that such other person has committed a crime in the dwelling in addition to the uninvited entry, or is committing or intends to commit a crime against a person or property in addition to the uninvited entry, and when the occupant reasonably believes that such other person might use any physical force, no matter how slight, against any occupant.

(3) Any occupant of a dwelling using physical force, including deadly physical force, in accordance with the provisions of subsection (2) of this section shall be immune from criminal prosecution for the use of such force.

Under these provisions, an occupant of a dwelling who uses deadly physical force against an intruder "shall be immune from criminal prosecution" where the conditions of the statute are satisfied. That is, section 18–1–704.5(3), C.R.S. (2010), establishes not merely an affirmative defense, but authorizes a court to dismiss a criminal prosecution at the pretrial stage of the case. *People v. Guenther*, 740 P.2d 971, 975 (Colo.1987). The statutory immunity created by section 18–1–704.5(3) is a "conditional immunity" in the sense that it applies only if certain factual elements are established. *Id.* at 977.

As we noted in *Guenther*, the protection provided in section 18–1–704.5 has "no analogue" in Colorado law. *Id.* at 980. A defendant may assert "make-my-day" immunity through a pretrial motion to dismiss under Crim. P. 12(b). When invoked prior to trial, the defendant must establish by a preponderance of the evidence that:

(1) another person made an unlawful entry into the defendant's dwelling; (2) the defendant had a reasonable belief that such other person had committed a crime in the dwelling in addition to the uninvited entry, or was committing or intended to commit a crime against a person or property in addition to the uninvited entry; (3) the defendant reasonably believed that such other person might use physical force, no matter how slight, against any occupant of the dwelling; and (4) the defendant used force

---

1998); *People v. Eckert*, 919 P.2d 962, 964–65 (Colo.App.1996); *People v. Young*, 825 P.2d 1004, 1006 (Colo.App.1991)). Although we granted certiorari review in *Janes*, the trial court's denial of the defendant's pretrial motion to dismiss was not before us in that case. *People v. Janes*, 982 P.2d 300, 302 n. 3 (Colo.1999).

**2.** We granted certiorari review on the following question:

Whether the court of appeals erred in determining that the trial court's pretrial denial of immunity from prosecution under the "make-my-day" statute is not reviewable.

against the person who actually made the unlawful entry into the dwelling.

*Guenther*, 740 P.2d at 981.

If the court determines that the defendant has not met his burden of proof and denies the motion to dismiss, the defendant may still invoke the "make-my-day" statute as an affirmative defense at trial. *Id.* In that event, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant's use of force did not occur under the conditions set forth in the statute. *See id.; see also Janes*, 982 P.2d at 302–03.

Mindful of the statute's language, purpose, and basic operation, we turn to our analysis of its reviewability.

### B.

■ Wood argues that a trial court's denial of immunity under section 18–1–704.5 may be raised and reviewed at any time, including on direct appeal. His contention rests on the premise that a court's pretrial determination of immunity implicates the court's subject matter jurisdiction. Specifically, Wood suggests that a court's pretrial ruling that a defendant has met the statutory conditions of immunity under section 18–1–704.5 is tantamount to a conclusion that the court lacks subject matter jurisdiction. Wood's argument, however, confuses "subject matter jurisdiction" with a court's general authority to act.

■ Subject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment. *See Horton v. Suthers*, 43 P.3d 611, 615 (Colo.2002). A court has subject matter jurisdiction where it has been empowered to entertain the type of case before it by the sovereign from which the court derives its authority. *See Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508, 513 (Colo.1986). In Colorado, district courts are courts of general jurisdiction, and have original jurisdiction in "all civil, probate, and criminal cases, except as otherwise provided" in the constitution. Colo. Const. art. VI, § 9.

■ Although the legislature has the power to limit courts' subject matter jurisdiction, we have held that such limitations must be explicit. *In re A.W.*, 637 P.2d 366, 374 (Colo. 1981). Moreover, the mere fact that a statute creates a mechanism for disposing of a prosecution does not necessarily mean that it implicates subject matter jurisdiction. For example, in *People v. McMurtry*, 122 P.3d 237 (Colo.2005), we distinguished the general term "jurisdiction," meaning "authority or lack thereof," from the concept of "subject matter jurisdiction" and held that the improper denial of a motion to dismiss for violation of the speedy trial statute does not divest a trial court of subject matter jurisdiction. Consequently, the defendant in that case could not appeal from the ruling on the motion to dismiss under a subject matter jurisdiction theory. *Id.* at 241–42.

■ The trial court here had subject matter jurisdiction over Wood's criminal case and its authority encompassed making pretrial "make-my-day" immunity determinations. Nothing in the text of section 18–1–704.5 indicates any legislative intent to condition the court's subject matter jurisdiction on whether a defendant is entitled to immunity. Thus, the trial court's rulings here, whether right or wrong, are not subject to attack for lack of subject matter jurisdiction. *See E.J.R. v. Dist. Court*, 892 P.2d 222, 224 (Colo. 1995).

### C.

We agree with the court of appeals that a pretrial determination of immunity under section 18–1–704.5 is analogous to a preliminary hearing; both proceedings are "designed to shield parties from the rigors of trial when the evidence shows the presence or absence of certain circumstances." *Wood*, 230 P.3d at 1225 (citing *Guenther*, 740 P.2d at 976 ("make-my-day" immunity was designed to "protect a home occupant from the burden of defending a criminal prosecution"); *Holmes v. Dist. Court*, 668 P.2d 11, 15 (Colo. 1983) (preliminary hearing is designed to "weed out groundless or unsupported charges and to relieve the accused of the degradation and expense of a criminal trial")).

■ Like an order denying dismissal of charges at a preliminary hearing, an order denying a defendant's pretrial motion to dismiss under the "make-my-day" statute is not a final judgment; such a ruling simply permits the case to proceed to trial. In general, orders denying pretrial motions have been viewed as insufficiently final to invoke appellate jurisdiction, *see Paul v. People,* 105 P.3d 628, 632 (Colo.2005), and appellate courts do not review interlocutory orders "absent specific authorization by statute or rule." *City of Grand Junction v. City & Cnty. of Denver,* 960 P.2d 675, 678 (Colo.1998). The "make-my-day" statute at issue here contains no express authorization to appeal from a pretrial order denying immunity.[3] Consequently, a pretrial order denying immunity under section 18–1–704.5 is not subject to appeal.

■ A pretrial determination of "make-my-day" immunity is also similar to a preliminary hearing in that the issues raised in such proceedings are resolved by the fact finder at trial under a higher burden of proof. We have held that the issue of whether the prosecution established probable cause at the preliminary hearing to bind a defendant over for trial becomes moot once the defendant has been found guilty beyond a reasonable doubt. *See People v. Nichelson,* 219 P.3d 1064, 1067 (Colo.2009). Similarly, the issue of whether a defendant established the existence of the statutory conditions of "make-my-day" immunity by a preponderance of the evidence becomes moot once a jury concludes the prosecution proved beyond a reasonable doubt that the same statutory conditions did *not* exist. In short, the jury's verdict subsumes the trial court's pretrial ruling regarding "make-my-day" immunity under section 18–1–704.5.

### D.

■ Our conclusion that a trial court's pretrial denial of immunity under the "make-my-day" statute cannot be reviewed post-trial does not mean that such a ruling is wholly unreviewable. Rather, a defendant may properly seek review prior to trial under C.A.R. 21.

In *Kuypers v. District Court for Fourth Judicial District,* 188 Colo. 332, 534 P.2d 1204 (1975), we held that C.A.R. 21 proceedings are the proper method for reviewing a preliminary hearing determination, given that the court's determinations in the preliminary hearing become moot after trial.

More recently, in *Paul,* 105 P.3d at 632–33, we held that the denial of a motion to dismiss on double jeopardy grounds is also reviewable under C.A.R. 21. In doing so, we observed that, "[w]hether or not a rule is ultimately issued and further proceedings are ordered, the opportunity to petition, and for this court to discretionarily intervene, provides an adequate and effective method of immediate review, without unnecessarily delaying criminal prosecutions." *Id.* at 632.

The same observation holds true for a trial court's pretrial "make-my-day" determination; indeed, because the purpose of the statutory immunity is to spare the defendant the burden of trial, review of a pretrial "make-my-day" determination should occur, if at all, prior to trial. Review under C.A.R. 21 therefore best effectuates the statute's purpose.[4] This availability of such review exists, of course, in addition to the defendant's ability to invoke the statute as an affirmative defense at trial. *Guenther,* 740 P.2d at 981.

### III.

In this case, Wood did not seek immediate review of the trial court's pretrial ruling under C.A.R. 21. At trial, Wood presented evidence, and the jury was instructed, on the "make-my-day" defense. To convict Wood of manslaughter, the jury had to find that the

---

3. The "make-my-day" statute differs from the sovereign immunity provision of the Colorado Governmental Immunity Act (CGIA). *See* § 24–10–108. Unlike section 18–1–704.5, the CGIA expressly provides that a trial court's pretrial determination regarding immunity "shall be a final judgment and shall be subject to interlocutory appeal." § 24–10–108.

4. Like the review explained in *McMurtry,* review under C.A.R. 21 in this context would be based on the contention that the court had exceeded its general authority, not its subject matter jurisdiction. *McMurtry,* 122 P.3d at 242.

prosecution proved, beyond a reasonable doubt, that Wood's actions did *not* occur under the conditions in section 18–1–704.5. Thus, the jury's guilty verdict subsumed the trial court's pretrial determination that the defendant failed to establish the same statutory conditions by a preponderance of the evidence. The issue is therefore moot, and the court of appeals properly declined to review the trial court's pretrial denial of Wood's request for immunity under the "make-my-day" statute.

In sum, we hold that a trial court's pretrial denial of immunity from prosecution under the "make-my-day" statute, § 18–1–704.5, is not reviewable on appeal after trial. Rather, the proper avenue for seeking review of such a pretrial ruling is under C.A.R. 21 prior to trial. Accordingly, we affirm the judgment of the court of appeals.