2012 CO 41

### The PEOPLE of the State of Colorado, Petitioner

v.

### Beverly MASER, Respondent.

### No. 11SC552.

Supreme Court of Colorado,
En Banc.

June 4, 2012.

Daniel H. May, District Attorney, Fourth Judicial District, Doyle J. Baker, Deputy District Attorney, Colorado Springs, Colorado, Attorneys for Petitioner.

Marrison Family Law, LLC, M. Patricia Marrison, Michael A. Lucas, John Paul Lyle, Lauren M. Hulse, Colorado Springs, Colorado, Attorneys for Respondent.

**Order Reversed**

Chief Justice BENDER delivered the Opinion of the Court.

¶ 1 In this appeal, we address whether the court of appeals has jurisdiction to review a district court order dismissing a misdemeanor charge in a county court case that was improperly transferred to the district court in violation of a chief judge's order governing such transfers within the judicial district. While it is questionable whether the district court had jurisdiction to dismiss the county court charge, we nevertheless hold that the only forum for an initial appeal of such a dismissal is in the court of appeals because it is a final judgment of the district court. We note that to hold otherwise would render this important issue of the respect owed to a controlling chief judge's order unreviewable. Accordingly, we hold that the court of appeals has jurisdiction over this appeal and we remand this matter to the court of appeals to review the district court's dismissal on the merits.

### I. Facts and Procedural History

¶ 2 The facts underlying the present criminal appeal are closely related to post-decree domestic litigation between the defendant, Beverly Maser, and her ex-husband. Although the couple's marriage was legally dissolved in 2006, their domestic case remains ongoing in El Paso County District Court as they continue to share parenting time and

responsibilities with respect to their two minor children.

¶ 3 On March 5, 2011,[1] during her parenting time with the children, Maser brought their fifteen-year-old son to her ex-husband's house to retrieve a videogame console. Maser and her son had not been getting along that day, and after her son went into her ex-husband's house, he refused to leave with Maser. Maser rang the doorbell several times and was eventually confronted by her ex-husband's new wife, who informed her that Maser's son was old enough to make his own choices and that he had decided to remain at her ex-husband's house for the evening. Maser gave up and returned to her hotel with her other child.

¶ 4 Later that evening, the police arrived at Maser's hotel room and informed her that there had been a criminal complaint made against her because of her alleged criminal behavior at her ex-husband's house earlier in the day.[2] After speaking with her, the police served Maser with a summons for second-degree criminal tampering causing annoyance, a class-two misdemeanor under section 18-4-505, C.R.S. (2011), and ordered her to appear in El Paso County Court at a later date to answer this charge.

¶ 5 Shortly after the incident, on March 7, 2011, Maser filed an emergency motion in the district court handling the post-decree issues, stating that her ex-husband had violated the court's parenting time order by encouraging and facilitating her son's decision not to permit her to exercise her allocated parenting time. Maser also requested that the district court dismiss the criminal complaint filed against her and pending in county court.

¶ 6 By minute order,[3] on March 14, 2011, the domestic court dismissed Maser's county court criminal complaint. Both Maser and the People stipulate that this dismissal failed to follow the protocol for transferring criminal cases from county court to district court in El Paso County as set forth in "Fourth Judicial District Chief Judge Order 2008–02 (Transfer of County Court Criminal Cases to District Court)." Under this chief judge's order, a district court in the Fourth Judicial District may, in its discretion, take jurisdiction over any non-domestic violence misdemeanor pending in county court. However, before jurisdiction may be transferred, the district court must first give notice to the parties and request that the county court issue a minute order transferring the case to the district court. Here, it appears that the district court judge located the county court criminal case on the courthouse's shared computer database and then assumed jurisdiction to entertain the criminal complaint without prior notice to the county court or to the People. The district court then dismissed the county court case.

¶ 7 The People, who were not present at the district court domestic proceeding, did not learn about the dismissal of the county court criminal case until later. Arguing that the district court did not have jurisdiction to dismiss the county court matter, the People appealed the district court order to the court of appeals.

¶ 8 The court of appeals issued a rule to show cause why it had jurisdiction over the People's appeal, which it reasoned was a request to review a final order issued in a county court case. After briefing by the People, the court of appeals dismissed the People's appeal, without considering the merits, on the grounds that it could not hear an appeal from the county court.

¶ 9 The People sought certiorari review by

---

1. Because the underlying criminal matter was dismissed before any formal fact-finding could occur and because the related domestic relations matter is not presently before us, our recitation of the facts of the underlying alleged criminal incident is solely for the purpose of giving context to the present appeal. Thus, this summary of the facts is not a binding factual determination. *See People v. Ray*, 252 P.3d 1042, 1045 n. 3 (Colo.2011).

2. Most of the facts underlying this complaint are not in the record presently before us, and those that are known are disputed by the parties.

3. The substance of this minute order dismissing the county court criminal charge is presently unknown, as any reasoning employed by the court in making this ruling is contained within the domestic district court record, which is not presently before us.

this court.[4] We now reverse the court of appeals' order and hold that the court of appeals has jurisdiction to hear the People's appeal.

## II. Standard of Review

■ ¶ 10 Jurisdiction is a question of law, which we review de novo. *In re J.C.T.,* 176 P.3d 726, 729 (Colo.2007).

## III. Analysis

■ ¶ 11 There are two types of trial courts in Colorado: county courts and district courts. *People v. Sherrod,* 204 P.3d 466, 469 (Colo.2009). Relevant here, pursuant to section 13–6–106(1)(a), C.R.S. (2011), county courts and district courts share concurrent original jurisdiction over misdemeanor criminal cases. Hence, a defendant accused of a misdemeanor offense may be tried in either county or district court.

■ ¶ 12 For each of the two types of trial courts, Colorado law provides a unique path for final appellate review. A conviction entered in the county court is, as a matter of statutory right, automatically appealable to the district court of the judicial district in which the county is located. § 13–6–310(1), C.R.S. (2011). In contrast, a conviction entered in the district court is directly appealable to the court of appeals. § 13–4–102(1), C.R.S. (2011). After this initial appeal, either party may then petition the supreme court for certiorari review of the appellate holding. C.A.R. 49. Because all district courts are of equal stature, "[a] district court may not assume the authority or power to superintend or review the propriety of or supervise the judgment of another district court." *State v. Pena,* 911 P.2d 48, 57 (Colo. 1996).

■ ¶ 13 The People seek appellate review of a final order of the El Paso County District Court dismissing the misdemeanor

charge against Maser. Because the county court case was never transferred from county court pursuant to the chief judge's order, it is questionable whether the district court had jurisdiction to dismiss this case. There can be no question that, under the laws of our state, the only proper forum for review of this final judgment of the district court rests with the court of appeals. Any holding to the contrary would either: (1) imply that this appeal should have first been brought before the district court, which we explicitly prohibited in *Pena,* 911 P.2d at 57; or (2) result in the unavailability of any appellate relief for the People.[5] We cannot sustain either of these alternative results.

■ ¶ 14 We hold that appellate relief must be available to review whether a district court has overstepped its jurisdiction when it transfers a county court case to the district court in violation of a chief judge's order setting forth the proper procedure. The authority for such a chief judge's order derives from our constitution. Colo. Const. art. VI, § 5(4). Even though the county court and the district court retain concurrent original jurisdiction over misdemeanor criminal cases, respect for the applicable chief judge's orders in a judicial district is essential to the orderly and just resolution of cases. Courts, as the exponents of the rule of law, must abide by their own guiding rules of procedure. Any alleged violation of a governing chief judge's order threatens procedural and substantive due process and has the potential to undermine the integrity of the judiciary.

¶ 15 In this case, the district court's dismissal of the misdemeanor charge against Maser constituted a final judgment from the district court made in violation of a chief judge's order. Hence, we hold that the court of appeals has jurisdiction to hear this appeal.

---

4. We granted review on the following issue:

Whether the court of appeals erred in concluding that an order issued by a district court judge dismissing a misdemeanor charge must be appealed to the district court rather than the court of appeals.

5. This is especially troubling given that the nature of the district court's ruling in this case was such that the People were not given notice that the district court in the domestic proceeding was taking jurisdiction over the criminal matter and thus had no chance to appear or otherwise address any of the arguments that Maser made for dismissal of the misdemeanor charge.

## IV. Conclusion

¶ 16 For the foregoing reasons, we reverse the court of appeals' order and remand this case to the court of appeals to hear the People's appeal on the merits.