Opinion by JUDGE TOW
¶ 1 Defendant, Gustavo Adolfo Vargas-Reyes, appeals the denial of his second Crim. P. 35(c) motion, which he filed seventeen years after the judgment of conviction and eleven years after his first Crim. P. 35(c) motion. However, before resolving Vargas-Reyes's claim, we must first determine whether he has sought relief in the correct court. Because we determine that his motion was resolved by a county court judge, we lack jurisdiction and thus dismiss the appeal.
I. Background
¶ 2 In 2000, the prosecution charged Vargas-Reyes with possession of a schedule II controlled substance, a class 4 felony, and lingering in the gaming area of a casino by a person under twenty-one years of age, a class 2 misdemeanor. The prosecution filed the information in county court, pursuant to section 16-5-101(1)(c), C.R.S. 2018.
¶ 3 At the dispositional hearing, Vargas-Reyes, represented by counsel (plea counsel), pleaded guilty to two misdemeanors: the lingering in the gaming area charge and an added count of attempted possession of a schedule V controlled substance, and he received a suspended thirty-day jail sentence and twenty-four hours of community service. Pursuant to the plea agreement, the People filed a motion to dismiss the felony charge, which the court granted.
¶ 4 Six years later, Vargas-Reyes, represented by new counsel (first postconviction *1199 counsel), filed his first Crim. P. 35(c) motion (the 2006 motion). In it, he asserted that the United States Citizenship and Immigration Services had recently denied his application to adjust his status to a lawful permanent resident because of his misdemeanor drug conviction in this case. He also alleged that, because of that drug conviction, he was subject to deportation from the United States. He claimed that his guilty plea was not voluntary, knowing, and intelligent because his plea counsel never asked him about his immigration status and never informed him of the immigration consequences of his guilty plea.
¶ 5 The evidentiary hearing on the motion was presided over by Gilpin County Judge Frederic Rodgers, the same judge who had accepted the plea and imposed the sentence six years earlier. The court determined that it would hold a bifurcated proceeding in which it would first address whether the motion was time barred before addressing the merits. At the conclusion of the first stage of the proceeding, the court denied the motion as time barred on the ground that Vargas-Reyes had not shown justifiable excuse or excusable neglect for the late filing. That order was never appealed.
¶ 6 In 2017, Vargas-Reyes hired new postconviction counsel, and filed the Crim. P. 35(c) motion at issue (the 2017 motion). In this new postconviction motion, he alleged that he had recently been charged in federal court with illegal entry into the United States. He reasserted his claim that his plea counsel had been ineffective by not informing him of the immigration consequences of his guilty plea, but this time included an allegation that plea counsel had made "affirmative misrepresentations" to him. He also claimed that his first postconviction counsel had provided ineffective assistance by, among other things, failing to object to the use of a bifurcated proceeding at the 2006 evidentiary hearing.
¶ 7 Gilpin County Judge David Taylor summarily denied Vargas-Reyes's second Crim. P. 35(c) motion in a written order on August 2, 2017. Vargas-Reyes then filed this appeal within the time period provided in C.A.R. 4(b).[1]
II. Appellate Jurisdiction
¶ 8 The People suggest that we may not have jurisdiction to hear this appeal because the appeal might be from the county court, rather than the district court, in Gilpin County. This court issued an order to show cause on the jurisdictional issue, and Vargas-Reyes filed a response. The motions division deferred ruling on the issue. We now address it and conclude that the People are correct.
¶ 9 Jurisdiction is a question of law, which we review de novo. People v. Maser , 2012 CO 41, ¶ 10, 278 P.3d 361.
¶ 10 Appellate jurisdiction over county court decisions rests not with this court, but with the district court for the judicial district in which the relevant county court sits. See §§ 13-6-310(1), 16-2-114(1), C.R.S. 2018; Crim. P. 37(a) ; Maser , ¶ 12. Thus, if the denial of the postconviction motion was entered in county court, we lack jurisdiction to address Vargas-Reyes's claims. If it is an appeal from district court, we may hear the appeal. See § 13-4-102(1), C.R.S. 2018; C.A.R. 1(a) ; Maser , ¶ 12.
¶ 11 The People's concern is that a county judge issued the postconviction order at issue. However, that a county judge issued the order does not adequately inform our inquiry. "Courts, not judges, are vested with jurisdiction." People v. Jachnik , 116 P.3d 1276, 1277 (Colo. App. 2005). Thus, the operative question is not whether the judge who issued the ruling was a county or district judge, but rather whether the order was issued by the county or district court.
¶ 12 Complicating the issue is the fact that the Chief Judge of the First Judicial District (which includes Gilpin County and Jefferson County) has issued a standing order of temporary assignment authorizing county court *1200 judges in that district to act in the capacity of a district judge in any felony case not involving a class 1, class 2, or class 3 felony. This is an appropriate exercise of authority by a chief judge. See People v. Sherrod , 204 P.3d 466, 469 (Colo. 2009) (noting that "county judges can ... be appointed to preside over matters in the district court," and discussing source of a chief judge's authority to issue such an order).
¶ 13 Thus, there are times when county judges such as Judge Rodgers and Judge Taylor act under their authority as county judges appointed by the Governor, and other times when their conduct is that of acting district judges appointed by their Chief Judge. Again, the dispositive question here is which hat Judge Taylor was wearing, so to speak, when he denied Vargas-Reyes's postconviction motion. To answer this question, however, we must also explore which hat Judge Rodgers was wearing when he accepted Vargas-Reyes's plea.
A. The Commencement of a Criminal Action
¶ 14 In 1972, the legislature repealed and re-enacted the criminal procedure code, providing in part for a variety of methods of instituting a criminal action. See Ch. 44, sec. 1, § 39-5-101, 1972 Colo. Sess. Laws 213. With the exception of changes to internal statutory cross-references resulting from the recodification of the statutes in the 1973 Code, this language remains unchanged today. § 16-5-101. This provision authorizes three methods of commencing a felony criminal prosecution: by the return of a grand jury indictment; by the filing of an information directly in the district court; or by the filing of a felony complaint in the county court. § 16-5-101(1).
¶ 15 Once the second or third option is selected, a defendant is entitled to either a preliminary hearing or a dispositional hearing, depending on the nature of the charges and whether the defendant is in custody or on bond.[2] § 16-5-301, C.R.S. 2018; see also § 18-1-404, C.R.S. 2018. The dispositional hearing is "for the purposes of case evaluation and potential resolution." § 16-5-301(1)(b)(I) ; § 18-1-404(2)(a) ; see also Crim. P. 5(a)(4) ; Crim. P. 7(h)(1).
¶ 16 In a case begun in county court, after the preliminary hearing results in a probable cause finding or the dispositional hearing fails to resolve the matter, the county court "shall order the defendant bound over" to the district court for trial. Crim. P. 5(a)(4)(III). To bind over means to require the defendant "to appear and answer in a court having jurisdiction to try the defendant for the crime with which he is charged." § 16-1-104(4), C.R.S. 2018. In a case begun in district court, upon a probable cause finding or an unsuccessful dispositional hearing, the district court must set the matter for arraignment or trial. Crim. P. 7(h)(4).
B. The Commencement and Resolution of This Prosecution
¶ 17 In this case, the People opted for the third method, filing a felony complaint in county court. The caption of the charging document reflects that it was filed in "County Court, Gilpin County, Colorado." Had the prosecution wished to proceed by filing an information directly in district court, it would have needed the consent of the court. Crim. P. 7(c)(1). The file does not reflect any such consent was requested.
¶ 18 Because of the nature of the felony charge and the fact that Vargas-Reyes was on bond, he was not entitled to a preliminary hearing. Therefore, the matter was scheduled for a dispositional hearing. At that hearing, the parties entered into the plea agreement whereby Vargas-Reyes pleaded guilty to two misdemeanors.
¶ 19 Significantly, the written petition to enter plea of guilty carries a caption indicating the matter remained in county court. So did the People's motion to add the new misdemeanor controlled substance charge to which Vargas-Reyes pleaded, as well as the motion to dismiss the original felony count.
*1201 Even the first postconviction petition indicates it was filed in county court.
¶ 20 Granted, the minute orders in the case all contain the notation "District Court, Gilpin County," and state that the matter was in Division 1. However, this is true of even the first two such minute orders, which memorialize Vargas-Reyes's telephonic bond setting hearing immediately following his arrest, and the hearing at which Vargas-Reyes was advised of the charges in the complaint and the dispositional hearing was scheduled. Despite the reference in the minute order to the district court, these two court appearances indisputably occurred in county court.
¶ 21 Also creating confusion, the transcript of the providency hearing contains conflicting indications. The caption reflects "District Court, County of Gilpin." Yet the introductory paragraph states that the hearing took place "before The HONORABLE FREDERIC B. RODGERS, Judge of the County Court."
¶ 22 Perhaps most significantly, there is nothing in the record that indicates that the matter was ever bound over to the district court. This is not surprising. Binding over only occurs after either a preliminary hearing at which probable cause is established or a dispositional hearing at which no resolution is reached. Crim. P. 5(a)(4)(III). Because the parties here reached a resolution, and because that resolution involved only pleas to misdemeanors, there was neither occasion nor need to bind the matter over. If the plea had been to a felony, the court would have necessarily been required to bind the matter over to the district court for purposes of entering into the disposition. At that time, after binding the matter over, if the contemplated plea were within the scope of the Chief Judge's order of temporary assignment, Judge Rodgers could have stepped into his role as acting district judge and accepted the plea. Because a county court judge has both the jurisdiction and the authority to accept a plea to a misdemeanor, binding over to district court is not required.[3]
¶ 23 In sum, the charges against Vargas-Reyes were duly filed in county court. The county court judge took no action to transfer jurisdiction to the district court.[4] The county court judge accepted guilty pleas to misdemeanor charges. Because the matter remained in county court at the time of the judgment of conviction, any postconviction challenges must also remain in county court. Thus, the appeal must be governed by Crim. P. 37.
III. Conclusion
¶ 24 Because the denial of the second postconviction motion was entered in county court, appellate jurisdiction lies not with us, but with the district court for the First Judicial District. Accordingly, this appeal must be, and is, dismissed.
JUDGE HAWTHORNE and JUDGE MÁRQUEZ* concur.

C.A.R. 4(b), of course, governs the timeline for filing appeals from district court criminal cases, and requires the notice of appeal to be filed within forty-nine days of the entry of the order being appealed. An appeal of a county court criminal case, on the other hand, must be filed in district court within thirty-five days. § 16-2-114(1), C.R.S. 2018; Crim. P. 37(a). Vargas-Reyes filed his notice of appeal in this court on day forty-nine.

Because this case clearly did not begin with a grand jury indictment, we need not discuss here the procedures followed in such cases.

We acknowledge that in addition to accepting the guilty plea to two misdemeanors, the judge also granted the prosecution's motion to dismiss the felony charge. While it might be argued that this act was outside the county court's jurisdiction because that court lacks jurisdiction over felonies, we do not agree. In the context of a plea, the dismissal of unprosecuted counts is nothing more than the plea court's acceptance of the prosecution's decision not to proceed with those charges. This action does not rise to an exercise of jurisdiction any more than does the county court's dismissal of charges for lack of probable cause following a preliminary hearing. See Crim. P. 5(a)(4)(IV) (directing the county court to dismiss those counts for which no probable cause was found).

We are not unmindful of the confusion in this matter. Surely, the better practice would be for the county court judge to clearly indicate in the record, either orally or in writing, that the matter is bound over or, alternatively, that the matter is being resolved prior to binding it over. Because the issue of which court is making the decision affects both the venue and the deadline for pursuing an appeal of the decision, the parties deserve such clarity.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2018.