489 P.3d 1227
Mark A. STREPKA, Petitioner,
v.The PEOPLE of the State of Colorado, Respondent.
Supreme Court Case No. 20SC401 Supreme Court of Colorado.
June 21, 2021
Attorneys for Petitioner: Megan A. Ring, Public Defender Mark Evans, Deputy Public Defender Denver, Colorado
Attorneys for Respondent: Philip J. Weiser, Attorney General Brock J. Swanson, Senior Assistant Attorney General Denver, Colorado
En Banc
JUSTICE BERKENKOTTER delivered the Opinion of the Court.
¶1 When a trial court determines that the police unlawfully seized a defendant's property and then grants the prosecution's request to dismiss all charges against the defendant, does the trial court retain jurisdiction to rule on the defendant's subsequent motion for return of that property? We answer this question in connection with our review of the court of appeals' unanimous decision in People v. Strepka, No. 16CA0348, 2020 WL 1651362 (Apr. 4, 2020), vacating the trial court's order denying Mark A. Strepka's motion for return of property for lack of jurisdiction. We hold that a trial court retains jurisdiction to rule on a motion for return of unlawfully obtained property after a case is dismissed so long as the motion is filed before the appeal deadline expires. Because Strepka's motion was timely filed, we reverse the division's judgment and remand the case to the court of appeals to proceed with the appeal on the merits.
I. Facts and Procedural History
¶2 Following a traffic stop, police officers detained and questioned Strepka about the presence of drugs and weapons in his vehicle. The officers then searched Strepka's car and seized methamphetamine, two firearms, a firearm case, and ammunition that they found in the vehicle. The prosecution charged Strepka with possession of a controlled substance and, because Strepka had at least four prior felony convictions, possession of a weapon by a previous offender.
¶3 Before trial, Strepka moved to suppress the drug and firearm evidence. The trial court held an evidentiary hearing and, on October 22, 2015, granted Strepka's motion, concluding that the officers lacked reasonable suspicion to expand the traffic stop beyond its initial purpose.
¶4 The prosecution subsequently moved to dismiss the charges against Strepka, and on November 10, 2015, the trial court granted the prosecution's motion.
¶5 On December 1, 2015–twenty-one days after the charges were dismissed–Strepka filed a motion seeking the return of the firearms, firearm case, and ammunition pursuant to Crim. P. 41(e). The next day, the trial court issued an order directing the prosecution to respond to the motion within twenty-one days. On December 17, 2015, the prosecution filed a response objecting to the return of the property, asserting that it should not be returned because Strepka, as a convicted felon, could not lawfully possess the firearms. Strepka filed a reply on January 6, 2016, arguing that notwithstanding his felony convictions, he had a constitutional right "to keep and bear arms" in self-defense and, in the alternative, that he would be willing to designate a suitable person to whom the court could release the firearms. ¶6 One week later, on January 13, 2016–sixty-four days after it dismissed the charges–the trial court granted Strepka's motion in part, ordering the return of the firearm case and ammunition. However, the court denied Strepka's motion regarding the firearms, concluding that, because he was previously convicted of a felony, he would be in violation of section 18-12-108(1), C.R.S. (2020), if the firearms were returned to him. The court also rejected Strepka's alternative argument, reasoning that returning the firearms to "any other person with whom he associates" would not eliminate the possibility that Strepka would possess the weapons, thus substantially subverting the goal of section 18-12-108, which is to prevent a felon from maintaining control over firearms. See People v. Gallegos, 193 Colo. 108, 563 P.2d 937, 939 (1977) ("[T]he purpose of section 18-12-108 [is to] ‘limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities.’ " (quoting People v. Trujillo, 178 Colo. 147, 497 P.2d 1, 2-3 (1972) )).
¶7 Strepka appealed the trial court's denial of his motion regarding the firearms. While his appeal was pending, a different division of the court of appeals determined that, once a valid sentence is imposed, trial courts lose jurisdiction to resolve motions for return of property. People v. Chavez, 2018 COA 139, ¶¶ 10, 12-13, ––– P.3d ––––. In light of Chavez, the Strepka division asked the parties to submit supplemental briefs addressing whether the trial court had jurisdiction to address Strepka's motion.
¶8 Relying on Dike v. People, 30 P.3d 197 (Colo. 2001), the People and Strepka agreed that the trial court retained jurisdiction to address the motion. The division saw things differently, concluding that the parties' reliance on Dike was misplaced because the holding in that case was limited to its "unusual circumstances." Strepka, ¶ 15.
¶9 The division ultimately concluded, based largely on the holding in Chavez, that the trial court lost jurisdiction to resolve Strepka's motion for return of property when it dismissed the charges against him. Strepka, ¶ 25. The division, accordingly, vacated the trial court's order for lack of jurisdiction. Id.
¶10 We granted Strepka's petition for certiorari review.1 II. Analysis
¶11 We begin by outlining the law regarding motions seeking the return of unlawfully seized property pursuant to Crim. P. 41(e). We then address trial courts' jurisdiction to resolve such motions following the dismissal of charges. Finally, applying the law to the facts of this case, we conclude that the trial court retained jurisdiction to address Strepka's motion because he filed the motion before the appeal deadline expired. Accordingly, we reverse the division's judgment and remand the case to the court of appeals to proceed with the appeal on the merits.
¶12 Crim. P. 41(e) provides the mechanism for the return of property following an unlawful search and seizure:
A person aggrieved by an unlawful search and seizure may move the district court for the county where the property was seized for the return of the property ....
....
If the motion is granted the property shall be restored unless otherwise subject to lawful detention .... ¶13 However, a district court may address a motion for return of property only if it has jurisdiction over the case. See People v. Dillon , 655 P.2d 841, 844 (Colo. 1982) ("It is axiomatic that any action taken by a court when it lacked jurisdiction is a nullity."). While it is well-settled that district courts in Colorado are courts of general jurisdiction, having jurisdiction over, among other things, nearly all criminal matters, Wood v. People, 255 P.3d 1136, 1140 (Colo. 2011), we have not addressed whether district courts retain jurisdiction to resolve a motion for return of property following the dismissal of all charges against a defendant. ¶14 "Jurisdiction is a question of law, which we review de novo." People v. Maser, 2012 CO 41, ¶ 10, 278 P.3d 361, 364.
¶15 The division's determination in this case that the trial court lacked jurisdiction to address Strepka's motion relied largely upon the holding in Chavez. See Strepka, ¶¶ 6, 9-11 (citing Chavez, ¶¶ 7-8, 10, 12-13, 15 ). We conclude that this reliance was misplaced. The division in Chavez is one of a number of divisions of the court of appeals to consider the extent of a trial court's jurisdiction to resolve motions for return of property in criminal cases. See Chavez, ¶ 13 ("[O]nce a valid sentence is imposed ... a criminal court has no further jurisdiction."); People v. Wiedemer, 692 P.2d 327, 329 (Colo. App. 1984) ("A trial court loses jurisdiction upon imposition of a valid sentence except under the circumstances specified in Crim. P. 35."); see also People v. Hargrave, 179 P.3d 226, 228 (Colo. App. 2007) ("When the need for property seized in a case has ended, the trial court has the jurisdiction and the obligation to order its return and, if necessary, to conduct a hearing to determine its appropriate disposition ....").
¶16 With the exception of Hargrave , the divisions in these cases have generally concluded that the trial court loses jurisdiction upon the imposition of a valid conviction and sentence.2 These cases shed no real light on the issue before us, however, because the underlying motions in these cases all involved (1) requests for the return of lawfully obtained property (2) that were filed years after (3) the defendants were convicted and sentenced. See Chavez , ¶¶ 7-8, 14 ; Wiedemer , 692 P.2d at 328-29.
¶17 Here we are called on to answer a different and much narrower question: How does a person, whose property was unlawfully obtained by the government, get that property back after all the charges against him or her are dismissed? The answer to that narrow question turns on whether a trial court has jurisdiction to rule on a motion for return of property under Crim. P. 41(e) after dismissing the entire case. With respect to that issue, we conclude that the People and Strepka both got it right: Our holding in Dike controls the resolution of this case.
¶18 In Dike, the trial court dismissed the defendant's case after granting his motion to suppress the results of his blood alcohol content ("BAC") test. 30 P.3d at 199. Because of the dismissal, the prosecution was unable to file an interlocutory appeal and, instead, filed a motion to reconsider twenty days after the dismissal. Id. In the motion to reconsider, the prosecution asserted that the BAC test was admissible, based on previously unknown precedent from this court. Id. In sum, the prosecution argued that the trial court misapplied the law. Id. The trial court agreed, and prior to the expiration of the deadline for filing an appeal, granted the prosecution's motion and reinstated the charges against the defendant. Id.
¶19 The defendant appealed, and we ultimately determined that the trial court "possessed jurisdiction to set aside and correct its initial order dismissing this case." Id. at 200. We held that the trial court "retained jurisdiction to rescind its initial dismissal until the time for appeal under Crim. P. 37(a) had expired." Id.
¶20 While the challenged court order concerned reconsideration, we see no discernible reason why the holding in Dike does not apply to the facts presented here. Contrary to the division's conclusion, the holding in Dike was not premised on the prosecution's inability to file an interlocutory appeal. Strepka, ¶¶ 13-15. Rather, our holding was premised on the trial court's ability to reconsider its prior erroneous ruling because it retained jurisdiction until the expiration of the time for filing an appeal. Dike, 30 P.3d at 201 ("[T]he prosecution's motion to reconsider was filed within the time for filing an appeal ... ; consequently, the [trial] court had not lost jurisdiction over the case.").
¶21 True, we discussed the prosecution's inability to file an interlocutory appeal when determining that the trial court did not err by permitting the prosecution to file the motion to reconsider. Id. at 200-01. However, such discussion concerned the paths available to the prosecution to appeal the trial court's order erroneously suppressing the results of the defendant's BAC test–not whether the trial court retained jurisdiction over the case. Id. Thus, regardless of whether the prosecution had an immediate appellate remedy, the trial court still possessed jurisdiction to reconsider its prior ruling before the time for filing an appeal had expired.3 ¶22 We additionally reject the division's determination that "the time for filing a notice of appeal could not have provided a window of continuing jurisdiction in this case" because "the prosecution requested that [Strepka's] charges be dismissed, so it could not very well appeal the court's dismissal order." Strepka, ¶ 15. While it is unlikely, indeed, that either Strepka or the prosecution would have appealed the trial court's dismissal order, what matters for purposes of analyzing the jurisdictional question here is that both parties retained the right to appeal for forty-nine days after the charges had been dismissed. See § 16-12-102(1), C.R.S. (2020) ("The prosecution may appeal any decision of a court in a criminal case upon any question of law."); C.A.R. 4(b) (providing that either party may appeal in a criminal case within forty-nine days of the entry of the judgment). ¶23 Thus, we conclude that the likelihood of a party filing an appeal is ultimately irrelevant to the question of whether a trial court possesses jurisdiction to rule on a motion for return of property filed after a case is dismissed and before the deadline to file an appeal expires. ¶24 Because Strepka filed his motion for return of property twenty-one days after the case had been dismissed, which was within the forty-nine-day deadline provided by C.A.R. 4(b), the trial court possessed jurisdiction to resolve the motion. See Dike, 30 P.3d at 201. ¶25 Our analysis is not yet complete, however, because, unlike the trial court in Dike, which ruled before the expiration of the appeal period, the trial court in this case did not rule on the motion for return of property until sixty-four days after it dismissed all the charges against Strepka. But, here, the trial court could not have ruled on Strepka's motion before the expiration of the forty-nine-day appeal deadline because it needed to hear from both sides. And to that end, the trial court appropriately took steps to ensure that the prosecution had the opportunity to respond to Strepka's motion and that Strepka had the opportunity to reply to the prosecution's response. ¶26 We conclude that the trial court retains jurisdiction to resolve a motion for return of unlawfully obtained property after the court dismisses a case so long as the motion for return of property is filed before the appeal period expires. To conclude otherwise would force trial courts into the untenable position of having to rule on motions pursuant to Crim. P. 41(e) –other than those filed immediately after dismissal–without the benefit of hearing from both sides.4 And, as we noted in Dike, the criminal rules "are intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." 30 P.3d at 201 (quoting Crim. P. 2). Thus, we are persuaded that trial courts retain jurisdiction to address motions for return of property under Crim. P. 41(e) so long as such motions are filed before the appeal deadline expires. Accordingly, the division erred by vacating the trial court's order denying Strepka's motion for return of property for lack of jurisdiction. ¶27 In reaching this conclusion, we emphasize that: (1) trial courts retain jurisdiction beyond the appeal deadline to resolve Crim. P. 41(e) motions for return of unlawfully seized property after an entire case has been dismissed only when the motion for return of property is filed before the appeal deadline expires, and (2) the filing of a motion for return of property under Crim P. 41(e) does not extend the deadline to appeal an order of dismissal.
III. Conclusion
¶28 Because the division erred in concluding that the trial court lacked jurisdiction, we reverse the division's judgment and remand the case to the court of appeals to proceed with the appeal on the merits.
1 We granted certiorari to consider the following issue:
Whether trial courts lose jurisdiction to dispose of property, unlawfully seized by the government from Colorado citizens, at the instant criminal charges are dismissed.
2 The question of which, if any, of these approaches is correct is not before us here.
3 We do not construe Crim. P. 41 as being dispositive of whether a trial court has jurisdiction to review a motion for return of unlawfully seized property.
4 We emphasize that it is the timing of the filing of the motion for return of property–not the timing of the response or the reply–that determines if the trial court has jurisdiction to rule on the motion after the expiration of the appeal deadline.