25CA0014 Marriage of Hunter 12-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0014
El Paso County District Court No. 20DR30799
Honorable Monica J. Gomez, Judge

---

In re the Marriage of

Daemon J. Hunter,

Appellee,

and

Bella N. Hunter,

Appellant.

---

ORDERS AFFIRMED

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

---

Marrison Family Law, LLC, M. Patricia Marrison, David Koppa, Carrie E. Mohr, Benjamin Smart, Colorado Springs, Colorado, for Appellee

Bella N. Hunter, Pro Se

¶ 1    In this post-dissolution of marriage case between Bella N. Hunter (wife) and Daemon J. Hunter (husband), wife appeals the district court's order denying her request to reconsider the court's prior order regarding the marital home.  We affirm.

I.    Relevant Facts

¶ 2    The district court issued permanent orders regarding property and financial matters in April 2021 and dissolved the parties' marriage in June 2021.  With respect to the marital home, the court entered the following order:

> The home was recently refinanced for an amount equal to its current value.   The home has no equity.  Respondent shall refinance the mortgage or otherwise remove Petitioner's name from responsibility toward the mortgage within 27 months.  If Respondent is unable to refinance the mortgage within that time, the home shall be placed on the market for sale.  The parties shall equally share in any equity.

¶ 3    A year after the decree was entered, wife unilaterally contracted to have solar panels installed on the marital home, incurring a debt that husband later asserted was nearly $49,000.  Thereafter, husband moved for contempt, alleging that wife hadn't complied with the permanent orders and that the home had been in forbearance for several months.  The parties resolved these issues

1

in mediation and agreed to have the contempt citation dismissed. In their memorandum of understanding, later made an order of the court, the parties agreed as follows:

> The home is currently listed for sale at $495,000. The parties will follow the listing price recommendations of the Realtor, regarding any potential listing price alteration. Until it sells[, wife] will remain current on all household bills (i.e. mortgage, insurance, taxes, etc.). The parties intend that any potential buyer would be assuming all of the solar panel obligation.

¶ 4　　Subsequently, the court denied husband's request to order wife to pay for the solar panels out of her home sale proceeds but (according to a minute order) ordered the parties to "share in [the] cost of solar." Husband filed a motion for reconsideration. Before addressing the motion, the court reviewed the transcript of the hearing (presided over by a different judge) that resulted in the modification order. The court noted,

> According to the transcript of the status conference, [W]ife indicated that she had a buyer for the property, but the buyer could not assume the solar panel obligation for various reasons. Based on this representation, the presiding judge then ordered that Husband pay for half of the solar panels and that he pay for it from his share of the equity in the home.

¶ 5      Based on this record, the court granted husband's motion for reconsideration, reasoning as follows:

> The debt that Wife acquired post decree, as a matter of equity, should not be attributed in any way to Husband. Wife unilaterally contracted with the solar company to install panels on the house one year after the decree of dissolution entered, and Husband should not be encumbered with Wife's debt. The Court's Status Conference decision was manifestly arbitrary, unreasonable and unfair, and no findings of fact were articulated to support that decision.

¶ 6      Based on these findings, the court granted husband's motion for reconsideration and, pursuant to the final orders, concluded that "'[wife] is responsible for the mortgage, taxes, and all expenses related to the home.' Expenses related to the home include solar panels purchased post decree by Wife."

¶ 7      Husband later moved for an order providing that the "solar panel lien not be included as assumable in [any] contract for the home [sale]." In addition, husband alleged that the mortgage on the home was once again in forbearance and requested that he be allowed to take over the mortgage payments, with wife paying half of the obligation directly to him.

¶ 8     At a hearing on the motion, husband's licensed legal paraprofessional (LLP) asserted that, to sell the home, husband "has had to reduce the sale price from what the house [wa]s worth . . . down by over $50,000." The LLP also said that the marital home was "worth close to or above $470,000," but that "no one [would] even offer at that price because of the solar panels that [wife] put on post-decree."

¶ 9     The court orally granted husband's requests, noting that it was relying on the existing permanent orders in making its decision. The court then denied wife's request to reconsider this decision in a written ruling issued in December 2024.

## II.     Preliminary Matters

¶ 10     Before turning to wife's contentions, we note that she represents herself on appeal, and certain arguments she raises are difficult to decipher. We will do our best to accurately characterize them. *See Cikraji v. Snowberger*, 2015 COA 66, ¶ 10. But we won't develop wife's arguments for her or search the record for supporting facts that aren't cited in her briefs. *See id.*

## III.  Discussion

¶ 11    Wife raises several contentions on appeal.  She contends that the district court improperly granted injunctive relief and, thus, violated her procedural due process rights; failed to "enforce" a contract for the sale of the marital home; "retroactively imposed financial penalties without statutory authority"; and modified the final property orders without "any legal basis."  Wife also argues that husband "[w]aived" his right to challenge the final property orders because he "failed to appeal or file a motion under C.R.C.P. 60(b) within 182 days."

¶ 12    However, these arguments are unpreserved and undeveloped and, accordingly, we won't address them.  *See In re Marriage of Turilli*, 2021 COA 151, ¶ 12 (an issue is preserved for appeal when it is brought to the district court's attention and the court ruled on it); *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12 (an appellate court doesn't consider undeveloped and unsupported arguments), *aff'd*, 2021 CO 56.  And we won't consider wife's attempts in her reply brief to further develop her arguments.  *See In re Marriage of Dean*, 2017 COA 51, ¶ 31 (an

appellate court doesn't consider arguments in a reply brief that seek to expand on contentions raised in an opening brief).

¶ 13    In her reply brief, wife asserts that the court "acted without jurisdiction" by "reallocating obligations and altering the [marital home] proceeds split."  While a party may raise a challenge to subject matter jurisdiction for the first time on appeal, *see In re C.E.S.K.*, 2025 COA 51, ¶ 17, none of wife's contentions implicate the district court's subject matter jurisdiction.  To the extent wife reiterates her assertion that the court acted without statutory authority, we do not address that issue because, as discussed, it is unpreserved and undeveloped.  *See Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011) (noting the distinction between "the general term 'jurisdiction,' meaning 'authority or lack thereof,' and the concept of 'subject matter jurisdiction,'" which "concerns a court's authority to deal with the class of cases in which it renders judgment" (quoting *People v. McMurtry*, 122 P.3d 237, 241 (Colo. 2005))).

¶ 14    Lastly, wife appears to ask us to divide the equity from the marital home.  Wife hasn't sufficiently developed this request for our review, and, at any rate, the division of marital property falls within the district court's province.  *See LaFleur v. Pyfer*, 2021 CO

3, ¶ 61 (the division of marital property is left to the district court's discretion). Thus, we decline to further address this issue.

## IV. Husband's Attorney Fee Request

¶ 15 Husband requests attorney fees under section 13-17-102, C.R.S. 2025, asserting that wife's appeal lacks substantial justification because she failed to follow C.A.R. 28 and seemingly because she raised unpreserved issues. But under C.A.R. 39.1, appellate attorney fees may be awarded only when a moving party explains the legal and factual basis for the request. Husband doesn't elaborate on the grounds he cites and doesn't explain why wife's appeal was substantially frivolous, substantially groundless, or substantially vexatious. *See* § 13-17-102(2), (6). Nor does husband demonstrate that wife "clearly knew or reasonably should have known" that her appeal was substantially frivolous, substantially groundless, or substantially vexatious, which is required for an award of fees against a self-represented person. *See* § 13-17-102(6). Therefore, we deny husband's request.

## V. Disposition

¶ 16 The orders are affirmed.

JUDGE GROVE and JUDGE SCHUTZ concur.