24CA0178 Peo v Kosak 08-21-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0178
Douglas County District Court No. 01CR259
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

David Arthur Kosak,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE SCHUTZ
Fox and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Rick Silver Law LLC, Rick Silver, Fort Collins, Colorado, for Defendant-Appellant

¶ 1    Defendant, David Arthur Kosak, appeals the district court's order denying his petition to discontinue sex offender registration. We reverse and remand to the district court with directions to grant Kosak's petition.

## I.    Background and Procedural History

¶ 2    Between 1999 and 2000, on at least four different occasions, while tucking his twelve-year-old stepdaughter, M.P., into bed, Kosak climbed into bed with her and repeatedly touched her breasts.  The touching sometimes lasted as long as ten minutes. M.P. disclosed the abuse and Kosak was charged with two counts of sexual assault on a child (position of trust), one count of aggravated incest, and one count of unlawful sexual contact.

¶ 3    In 2001, Kosak pleaded guilty to one count of sexual assault on a child (position of trust), a class 3 felony, and one count of unlawful sexual contact, a class 1 misdemeanor.[1]  The district court sentenced him to a four-year deferred judgment and sentence on the sexual assault charge, and four years of concurrent probation

---

[1] The prosecution dismissed the remaining two counts.

on the unlawful sexual contact charge.  Kosak registered as a sex offender as required.  *See* § 16-22-103(1)(a), C.R.S. 2024.

¶ 4     In 2006, Kosak successfully completed sex offender treatment as well as the other terms and conditions of his probation and the deferred judgment and sentence.  As a result, the court permitted him to withdraw his guilty plea to third degree felony sexual assault and dismissed that charge, which left only his misdemeanor unlawful sexual contact conviction.

¶ 5     Under Colorado's Sex Offender Registration Act (SORA), registrants who have been convicted of misdemeanor unlawful sexual contact may petition to discontinue registration after ten years.  § 16-22-113(1)(b), C.R.S. 2024.  In 2017, Kosak petitioned to discontinue sex offender registration.  M.P. objected and the district court set the matter for a hearing.  At the hearing, M.P. read a statement asking the court to deny Kosak's petition.  The district court denied the petition, finding Kosak failed to provide evidence that he no longer presented a risk to the community.

¶ 6     In 2018, Kosak moved to Georgia and registered as a sex offender.  In March 2023, he petitioned to be released from Georgia's sex offender registration requirements.  The Superior

2

Court of Clark County granted his petition after Georgia's Sexual Offender Registration Review Board (SORRB) assessed Kosak and classified him at a Level I risk of reoffending — meaning that he posed a "low risk for recidivism." Level I is the lowest risk classification under Georgia's registration system.

¶ 7    In September 2023, Kosak filed a new petition to discontinue sex offender registration in Colorado. In support of his petition, Kosak included the Georgia court's order granting his petition and the Georgia SORRB assessment. M.P. again objected to Kosak's petition and the district court set the matter for a hearing.

¶ 8    At the January 2024 hearing, Kosak presented evidence supporting deregistration, including that (1) he successfully completed sex offender treatment in 2006 and had not reoffended in the nearly twenty-three years since his arrest; (2) the SORRB assessment determined that he posed a low risk for recidivism; (3) he resided in Georgia and had no plans to return to Colorado; and (4) he did not appear in the Colorado Bureau of Investigation (CBI)

sex offender online database,[2] so there was minimal benefit to his continued registration.

¶ 9 Kosak's biological daughter, C.T., testified that Kosak understood that sexually abusing M.P. was wrong and was sorry for his actions. She also testified that Kosak was a good father, she felt safe with him, and that she would be comfortable with him being around her four-year-old son.

¶ 10 M.P. was then permitted to address the court.[3] She read letters from her and her sister (Kosak's other stepchild), both of which provided compelling statements regarding Kosak's abuse and M.P.'s ongoing trauma as a consequence. M.P. expressed fear that if the court granted Kosak's petition, other children would suffer the same abuse that she had endured. Immediately after M.P. read the letters, the court invited closing arguments.

---

[2] The CBI does not post information on offenders convicted only of misdemeanor sex offenses. *See* Colo. Bureau of Investigation, Colorado Convicted Sex Offender Search, https://perma.cc/9DNK-3HUA.

[3] The district court permitted M.P.'s statement pursuant to the Victim Rights Act. *See* § 24-4.1-302.5(1)(d), C.R.S. 2024; *see also* § 16-22-113(2)(f), C.R.S. 2024 (At a hearing on a petition to deregister, the court shall consider "any written or oral statement of the victims."). M.P. was not sworn as a witness prior to reading the statement and she was not subject to cross-examination.

¶ 11    Defense counsel emphasized the undisputed evidence supporting a conclusion that Kosak no longer presented a risk of committing an offense involving unlawful sexual behavior. Counsel also amplified Kosak's successful completion of treatment and the absence of any additional criminal activity. The prosecution acknowledged that the court was likely "hamstrung" by the law but implored the court to consider the continuous hardship and trauma M.P. and her family have suffered as a result of both the offense and the subsequent re-traumatization caused by Kosak's repeated petitions.

¶ 12    After hearing counsel's arguments, the court made the following findings:

> [The Court]: All of the factors — or all of those pieces of — of evidence weigh in favor of a finding, and I can certainly see why the District Attorney would think that the Court was somewhat hamstrung, but I think the District Attorney didn't have the opportunity to see what I saw of — of Mr. Kosak during [M.P.'s] statement.
>
> As [M.P.] was describing the effects of this horrific sexual abuse that she endured as a child at the hands of Mr. Kosak, the Court observed Mr. Kosak passing notes to his attorney and smirking. And the Court finds that lack of empathy is clear to me that he

5

doesn't understand the ramifications of his actions and that he has not shown that he is not likely to commit a subsequent offense of, or involving unlawful sexual behavior.

[Defense Counsel]: Your Honor, may I address that?

[The Court]: I don't know what — what there is to address.

[Defense Counsel]: So when he's passing those notes to me, [t]here's new things that are being said from the podium that Mr. Kosak vehemently disagrees with as far as what — what is being alleged here for the first time. Like, these aren't — things that were being said up there were not things that Mr. Kosak was accused of and convicted of back in 2001. And it's his belief that this is being embellished to try to keep him on the registry. So when he's passing me a note, he's saying, "That's not true," "That never happened."

[The Court]: Well, I don't want to get into those communications. . . . I'm not going to argue about what I saw. [Kosak] didn't appear surprised.

. . . .

He smirked. And that lack of empathy suggests to this Court that he doesn't understand the ramifications of his actions or the harm that he has caused, and that because of that, he did not prove to this Court — which is his obligation to meet his burden — that he is not likely to reoffend. The Court denies the petition to deregister.

6

[Defense Counsel]: I — I guess, would the Court just further unpack the correlation between the — the note-packing [sic] and his likelihood to reoffend —

[The Court]: The what?

[Defense Counsel]: — by committing an unlawful sexual behavior?

[The Court]: There was — not the note-passing. It was the smirk.

[Defense Counsel]: I guess the —

[The Court]: Smirking throughout [M.P.'s] statements about the harm he had caused to her shows no empathy to me.

[Kosak]: I was not smirking at that, Your Honor. I — I could not —

[The Court]: That's the Court's finding, and you can appeal it.

[Kosak]: I have been very contrite about this whole thing.

[The Court]: You can appeal my finding. Thank you.

¶ 13    This appeal followed.

## II.    Analysis

¶ 14    Kosak contends that the district court abused its discretion by denying his petition to discontinue sex offender registration based solely on Kosak's perceived smirk. We agree.

7

## A.    Standard of Review and Applicable Law

¶ 15    We review a district court's denial of a petition to discontinue sex offender registration for an abuse of discretion. *Moore v. 4th Jud. Dist. Att'y*, 2024 COA 48, ¶ 6. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law. *Id.*

¶ 16    SORA requires an individual who has been convicted of an unlawful sexual offense to register as a sex offender. § 16-22-103(1)(a). An individual who has successfully completed a deferred judgment and sentence for an unlawful sexual offense may file a petition to discontinue registering. § 16-22-113(1)(d). An individual convicted of class 1 misdemeanor unlawful sexual contact may petition to discontinue registration ten years after the "final release from the jurisdiction of the court for such offense." § 16-22-113(1)(b).

¶ 17    If the victim objects to the petition, the district court must set the matter for a hearing. § 16-22-113(2)(f). A court may grant the petition if (1) the petitioner has completed the sentence for which they were required to register; (2) the petitioner has not subsequently been convicted of "unlawful sexual behavior or of any

8

other offense, the underlying basis of which involved unlawful sexual behavior"; (3) the statutorily required waiting time period has expired; and (4) the court finds that the petitioner is "not likely to commit a subsequent offense of or involving unlawful sexual behavior." *Id.*

¶ 18     The court must consider documents evidencing the petitioner's completion of treatment, the victim's statement related to the offense, and *any other relevant* information presented by the petitioner and the district attorney.  § 16-22-113(2)(b), Critically, "the purpose of registration is not to punish the defendant, but to protect the community and to aid law enforcement officials in investigating future sex crimes." *People v. Carbajal*, 2012 COA 107, ¶ 37.

## B.    Application

¶ 19     Kosak contends that the district court abused its discretion by relying on his perceived smirk to conclude that he had no empathy for M.P. and therefore failed to establish that he was not likely to reoffend.

¶ 20     The People contend that the district court acted within its discretion by giving great weight and credit to M.P.'s statement and

9

determining that Kosak's smirk demonstrated that he is likely to commit a subsequent offense involving unlawful sexual behavior.

¶ 21     Trial courts are granted substantial deference in deciding whether to grant a petition to deregister, including the factors to be considered when making that assessment. *Moore*, ¶ 6. But that discretion is not unlimited. *Id.* (a court abuses its discretion when considering a petition to deregister if its decision is manifestly arbitrary, unreasonable, or unfair, or misconstrues or misapplies the law).

¶ 22     Kosak presented undisputed evidence that he completed his sentences, waited the statutorily mandated ten years on the misdemeanor conviction, and was not convicted of a subsequent offense involving unlawful sexual behavior. § 16-22-113(2)(f); *see also* § 16-22-113(1)(b). Thus, the analysis turns on whether he is "not likely to commit a subsequent offense of or involving unlawful sexual behavior." § 16-22-113(2)(f).

¶ 23     The district court found that Kosak's alleged smirking during M.P.'s statement indicated that he does not understand the harm he caused or the ramifications of the abuse, and therefore, he failed to meet his statutory burden to demonstrate that he is unlikely to

10

commit another offense involving unlawful sexual behavior. But under SORA, the court must also consider relevant information presented by the petitioner.

¶ 24    Kosak presented undisputed evidence that he was not likely to reoffend including that (1) he successfully completed sex offender treatment in 2006 and the other terms and conditions of his deferred sentence and probation; (2) he complied with the terms and conditions of his sex offender registration requirements in Colorado and Georgia; (3) the Georgia SORRB assessment determined that he posed a low recidivism risk; (4) C.T. testified that Kosak understands the harm he caused M.P. and is remorseful; and (5) he has not been arrested or charged with any sex offenses since 2001.

¶ 25    The district court did not properly consider any of this evidence. Moreover, the prosecution introduced no evidence contradicting the evidence that Kosak did not present a significant risk to commit a new offense involving unlawful sexual behavior. Nor did the court consider that there was very limited public benefit to requiring Kosak to continue registering because his name is not available on Colorado's online sex offender database.

¶ 26　There is no evidentiary support for the district court's finding that smirking means that Kosak is likely to commit another offense involving unlawful sexual behavior. Moreover, even crediting M.P.'s compelling unsworn statement, that statement focused on past abuse and the ongoing emotional turmoil she understandably suffered. But her statement did not speak to the future risk, if any, that Kosak posed to reoffend.

¶ 27　Finally, the district court did not give Kosak a meaningful opportunity to explain the perceived smirk; instead, it curtly ended the hearing and told Kosak he could file an appeal.

¶ 28　Given this record, we conclude that the district court's (1) failure to consider Kosak's substantial evidence that he was unlikely to reoffend; (2) refusal to provide Kosak or his counsel an opportunity to explain the circumstances surrounding the perceived smirk; and (3) summary rejection of the petition based on Kosak's perceived smirk demonstrate that its decision was manifestly arbitrary and unreasonable. *See Carbajal,* ¶ 58 ("[T]he trial court abused its discretion in denying defendant's petition for an order to discontinue the requirement that he register as a sex offender."); *Moore,* ¶ 6.

### III. Disposition

¶ 29    We reverse and remand the case to the district court with directions to grant Kosak's petition to discontinue registering as a sex offender.

JUDGE FOX and JUDGE HARRIS concur.